(102 So. 156)

### PATE v. STATE. (2 Div. 310.)

(Court of Appeals of Alabama. Nov. 11, 1924.)

**1. Indictment and information ⟪166—Venue must be established.**

Venue must be proved in all prosecutions by indictment, under Const. 1901, § 6, which guarantees right to public trial by an impartial jury of county or district in which offense is committed, and Code 1907, §§ 7225, 7229, fixing venue.

**2. Criminal law ⟪564(8)—Place of crime held not proved to be sufficiently near county line to establish venue.**

Evidence *held* insufficient to show crime was committed within one-fourth mile from county line; correctness of location of line not having been substantiated.

**3. Criminal law ⟪364(½), 368(1)—Evidence as part of res gestæ relevant.**

What was said and done by defendant or those present at still, relating thereto, is relevant as part of the res gestæ.

**4. Criminal law ⟪459—Witness qualified to testify articles found in possession of defendant are suitable for making whisky may so testify.**

Testimony by one qualified to testify that articles found in possession of defendant are suitable for making whisky *held* competent.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Allen Pate was convicted of possessing a still, and he appeals. Reversed and remanded.

J. T. Fuller, of Centerville, and Percy M. Pitts, of Clanton, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. Aside from other questions involved in this prosecution, and which were properly submitted to the jury under the charge of the court, the defendant asked the general charge in writing, upon the theory that the venue had not been proven. Of this contention the court was duly notified by defendant's counsel and at the proper time.

[1-3] Venue is one of the material allegations of an indictment which must be established to the satisfaction of the jury by evidence beyond a reasonable doubt. In fact, in all prosecutions by indictment, a defendant is guaranteed by the Constitution to a public trial by an impartial jury of the county or district in which the offense was committed. Const. 1901, § 6; Code 1907, § 7225. The county or district where the defendant resides within the meaning of the law of venue is not only the county within its established lines, but includes such territory contiguous and adjacent thereto and within one-fourth of a mile from the line or so near the boundary line of two counties as to render it doubtful in which the offense charged was committed. Code 1907, § 7229. Where proof of venue has been offered either that the offense was committed within the county, or within one-fourth of a mile from the line, or so near the boundary of two counties as to render it doubtful in which the offense was committed, and the jury is convinced of either of these facts beyond a reasonable doubt, the venue is sufficiently proven. Britton v. State, 15 Ala. App. 584, 74 So. 721. In the instant case the testimony as to venue was from one witness who testified:

"It was near the boundary line of Bibb and Chilton counties. My best judgment is it was about 238 feet from the county line. I saw it measured; that was the distance. It was on the Chilton county side 238 feet from the line."

On cross-examination this witness continued:

"The still was in Chilton county. My personal knowledge I do not know where the county line is only I went with the surveyor. I know nothing only where the line is."

There was no objection or motion to exclude any of this testimony. It therefore appears: (1) The offense, if committed, was in Chilton county. (2) There was a line susceptible of exact proof by the surveyor, or others having knowledge of the facts, and therefore not so near as to render it doubtful. (3) There was an admission by the witness that the only knowledge he had of the line was dependent upon a surveyed line of which there was no proof of correctness. In other words, witness was definite as to the still being located 238 feet from a line, but as to whether the basis of his testimony is true or false there is no evidence upon which to determine. Where the venue is dependent upon a surveyed line there must be evidence substantiating its correctness. Dossett v. State, 19 Ala. App. 496, 98 So. 359.

[4] As to what was said and done by the defendant or those present at the still, relating thereto, this court has many times held such evidence to be relevant as being a part of the res gestæ. It is also competent for one who is qualified to testify that the articles found in possession of defendant are suitable for making whisky.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.