(107 So. 36)

## TOOL v. STATE.  (2 Div. 351.)

(Court of Appeals of Alabama.  Jan. 19, 1926.)

1. Burglary ⬅⟶28(1)—Criminal law ⬅⟶336—Conviction reversed where venue not shown, or that store burglarized contained things of value as averred in indictment.

Conviction for burglary will be reversed where venue was not shown and there was no proof that store alleged to have been burglarized contained "goods, merchandise or clothing, things of value," as averred in indictment.

2. Burglary ⬅⟶41(1)—Evidence held insufficient to connect accused with offense.

In prosecution for burglary, evidence held insufficient to connect accused with alleged offense.

3. Criminal law ⬅⟶1186(7)—Reviewing tribunal generally remands cause to court below for further proceedings on reversal of judgments of conviction.

Generally, in reversing judgments of conviction where trial by jury was had, reviewing tribunal will remand cause to court below for further proceedings.

4. Criminal law ⬅⟶1187—Reviewing tribunal on appeal from conviction for burglary required to grant defendant absolute discharge.

On appeal from conviction for burglary, reviewing tribunal was required, in view of Code 1923, § 3258, to grant defendant an absolute discharge, where there was not even a scintilla of evidence to incriminate defendant as to commission of offense charged against him.

Appeal from Circuit Court, Choctaw County; C. A. Grayson, Judge.

Monk Tool was convicted of burglary, and he appeals. Reversed and rendered.

Chilton & McCoy, of Montgomery, and Hollis & Edgar, of Butler, for appellant.

There was no proof of corpus delicti. Code 1923, § 3479; 9 C. J. 1009; 2 Wharton's Cr. Ed. (11th Ed.) 1221. The evidence connecting appellant with the alleged crime was insufficient to go to the jury, and defendant was due the affirmative charge. Meyers v. Comm., 194 Ky. 523, 240 S. W. 71; 1 Wigmore on Ev. (2d Ed.) 405; Carter v. State, 106 Miss. 507, 64 So. 215, 50 L. R. A. (N. S.) 1112; Aiken v. State, 16 Ga. App. 848, 86 S. E. 1076; Scott v. State, 108 Miss. 464, 66 So. 973.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  Appellant, defendant in the court below, was convicted of the offense of burglary, whereupon the court sentenced him to an indeterminate term of imprisonment in the penitentiary of not less than one year nor more than one year and one day.

[1, 2] There is no phase of this case upon which the conviction of this man can be permitted to stand. Such action to our mind would be unconscionable. In the first place the material allegations in the indictment fail for want of proof. No venue was proven, nor attempted to be proven, and nothing was shown from which it could have been inferred; nor was there any evidence adduced to show or tend to show that in the store alleged to have been burglarized there were contained "goods, merchandise or clothing, things of value," as averred in the indictment. But, pretermitting all these omissions and discrepancies, either of which would be fatal to the state's case, there was

no evidence whatever to connect this appellant with the alleged offense except that he was trailed by some dogs from the store in question to his home on the morning after the alleged burglary the night before. The undisputed evidence in this case as to defendant's tracks from the store in question to his home, which tracks the dogs trailed, showed conclusively, and as stated without conflict, that said tracks were made by the defendant on the afternoon before, after a rain, and *before the store had been burglarized*, if such store was in fact burglarized.

There are many insistencies of error, many of which appear meritorious, but no good purpose could be served in their being discussed. As to the general rule relative to evidence of the use of dogs in trailing a person, it will be found in the case of Lafayette Jones v. State, 16 Ala. App. 7, 74 So. 843.

[3, 4] The general rule and custom in reversing judgments of conviction, where trial by jury was had, is to remand the cause to the court below for further proceedings. But the law requires of this court to consider all questions apparent on the record or reserved by bill of exceptions, and makes it the duty of this court *to render such judgment as the law demands*. Code 1923, § 3258. There being not even a scintilla of evidence in this record to incriminate this appellant as to the commission of the offense charged against him, not only does the law demand, but the promptings of humanity require, that he be given his absolute discharge and an acquittal. Such is the order of this court.

The judgment of conviction appealed from is reversed, and the defendant is discharged.

Reversed and rendered.