(113 So. 484)

## JOHNSON v. STATE. (7 Div. 372.)

Court of Appeals of Alabama.   June 30, 1927.

Charles F. Douglas, of Anniston, for appellant.

. Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.   This prosecution originated upon a complaint or affidavit made before a justice of the peace; the warrant being returnable to the county court.

Appellant was convicted in the county court, and appealed to the circuit court. He was there tried and convicted upon a complaint filed by the circuit solicitor.

The gravamen of the charge in the original affidavit and in the complaint filed by the solicitor was the practicing of optometry by the accused without a license, and contrary to law.

We do not regard the insistences as to departure or variance between the complaint and the original affidavit or the insufficiency of the latter as being well taken.   We are of the opinion that the nature and cause of the accusations were sufficient; and enabled the accused to identify the offense charged against him.

In this state it is unlawful for any person, firm, or corporation to engage in, or carry on, any business, or do any act for which a license is required by law, without having first paid for and taken out a license therefor; and any person who is convicted of failing to take out and pay for the license required shall be fined not less than the amounts of all licenses required of them, and, if convicted for refusing to take out the license shall, on conviction, be fined not less than the amount of the state and county license due by him, and not more than $100 in addition thereto, and may be sentenced to hard labor for the county for not more than six months.

Schedule 78 of the Revenue Laws of Alabama, p. 203, provides that:

"Each oculist, optometrist, or optician practicing his profession shall pay an annual license of five dollars to the State, but no license shall be paid to the county. * * *"

This schedule also provides:

"That no license shall be required to be paid, under this schedule until after such oculist, optometrist or optician has practiced his profession for two years."

"It shall be unlawful for any person in this State to engage in the practice of optometry or to hold himself out as a practitioner of optometry, * * * unless he has * * * received a license or certificate from the state board of optometry." Code 1923, § 2874.

Article 2 of chapter 52 of the Code 1923 deals with the state board of optometry, and relates to the practice of optometry in this state.

Section 4389 of the Code 1923 provides the penalties for the violation of the provisions relating to the practice of optometry, and in the instant case the court below properly charged the jury on this question. The insistence here made, in behalf of appellant, that said section is confined in its operation to the two preceding sections (4387, 4388), and does not apply to the practice of optometry, cannot be sustained. Such insistence is refuted by the plain words of this statute, wherein it is provided:

"Any person violating any of the provisions of the two preceding sections, and any of the provisions of article 2 of chapter 52 of this Code, relating to the practice of optometry in this state," etc.

Optometry is defined by statute, in section 2873 of the Code 1923, as follows:

"The practice of optometry is defined to be the examination of the human eye for the purpose of ascertaining any departure from the nor-

mal, measuring its functional powers and adopting mechanical means for the aid thereof."

Several questions are presented by this appeal, but the controlling question is whether or not, under the undisputed facts in this case, did this appellant engage in the practice of optometry as above defined. There is no insistence that he had ever obtained a license or certificate from the state board of optometry, or that he had taken out a state license to practice the profession of optometry.

The undisputed evidence discloses that the accused, for a period of 30 to 60 days prior to his arrest, solicited and took several orders for eyeglasses from the state witnesses, and that such glasses were sent to them by mail from a house in Chicago, Ill. There is no evidence showing, or tending to show: (1) That the defendant at any time made an examination of the human eye for the purpose of ascertaining any departure from the normal; or (2) that he measured the functional powers of any person's eyes; or (3) that he adopted mechanical means for the aid thereof. Every witness who testified in this case stated that the defendant made no examination whatever of their eyes. Each of them testified:

"I did the fitting myself. He had samples of glasses from which I made my own selection."

Under this evidence and other of like import this court is clearly of the opinion that the defendant did not engage in the practice of optometry as contemplated by law, nor does the evidence tend to sustain the alternative charge in the complaint that he held himself out as a practitioner of optometry.

The entire evidence being without dispute or conflict, the affirmative charge was appropriate, and should have been given for defendant as requested in writing. The court erred in refusing said charge, and, as there is no evidence in this case to sustain the accusation against this appellant, an order will be here entered discharging him from further custody in this proceeding. The defendant is discharged. Code 1923, § 3259.

Reversed and rendered.