(126 So. 611)

### MOONEY v. STATE.
### 8 Div. 914.

Court of Appeals of Alabama.
March 4, 1930.

Almon & Almon, of Decatur, for appellant.

[1] 220 Ala. 497.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

■ The prosecution is in Morgan county. The defendant requested the court to give the general affirmative charge in his behalf stating to the court, at the time of making the request, that the venue had not been proven. The court refused to give this charge, and this refusal presents the sole question for consideration here. Venue is not a part of the corpus delicti, but is one of the material allegations of an indictment which must be proven to the satisfaction of the jury beyond a reasonable doubt. In the absence of such proof the defendant cannot be convicted if he seasonably brings the omission to the attention of the court trying the case. Const. 1901, § 6; Code 1923, § 4891; Pate v. State, 20 Ala. App. 358, 102 So. 156.

■ According to the testimony of the deputy sheriff who made the arrest, the still was located between one-fourth and one-half mile from the county line in Cullman county. This, of course, left the circuit court of Morgan county without jurisdiction of defendant's person. Authorities supra.

But on this point the state rests its case on the testimony of state's witness Darnell, who said: "Mooney (defendant) said it was in Morgan County." To render this legal evidence with reference to the location of the boundary line between Cullman and Morgan counties, it must be shown that Mooney was dead and that he had an opportunity to know and prima facie had knowledge of where the line was. Barrett v. Kelly, 131 Ala. 378, 30 So. 824. Even the opinion of experts, when not shown to be derived from expert skill or learning, but from personal observation, should not be considered as evidence. True, county lines may be proven by general reputation, but the testimony here sought to be made the basis of this verdict, and to overturn the direct testimony of the state's witness that the still was located in Cullman county, is the bare statement of an opinion without basis of fact or knowledge. At most, the statement is a mere opinion or conclusion and as such is not evidence. Where the question of venue is not in dispute and does not involve the location of a county line, the admission of a defendant that a crime was committed or an act was done in a certain county, after proper predicate, would be admissible; but where the question at issue is the location of the county line, which in itself is a question for

the jury to be determined from the facts, an admission would be a conclusion or an opinion which does not tend to prove the fact. Bryson Co. v. Phelps, ante, p. 346, 125 So. 795.

The point is this, the defendant has a right under the Constitution of 1901, § 6, to a speedy trial by a jury of the county in which the offense was committed. This is a real and substantial right to which a defendant is entitled, going to the jurisdiction of the court trying the cause, as touching the person, and can only be waived by the defendant by some affirmative act on his part after proceedings brought or by an omission on his part to claim the right in the court where prosecution is pending. A statement by him, made to third parties out of court, that the crime was committed in this or that county, is no such waiver, nor is it evidence from which the jury is authorized to determine the location of a county line, where that fact determines the venue. Mayhall v. State, 22 Ala. App. 223, 114 So. 361.

The defendant was entitled to the general charge.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.