(131 So. 36)

**RAPP et al. v. POLICE JURY OF TENSAS PARISH et al.**

No. 29821.

Nov. 3, 1930.

Warren Hunt, of Rayville, for appellants.

James H. Gilfoil, Jr., Asst. Dist. Atty. and ex officio Atty. for Police Jury, of Lake Providence, for appellees.

THOMPSON, J.

This is an appeal from a judgment which dismissed the suit on an exception of no cause of action.

The plaintiffs, five in number, are farmers and reside in the eastern portion of Franklin parish adjacent to what is known as the Big Lake country. This portion of Franklin parish borders the parishes of Tensas and Madison.

The dividing line between the parishes of Franklin and Tensas is what is known as Roaring Bayou, and the territory between this bayou and Tensas river and which is in Tensas parish is composed of woodland and is an open range in which petitioners and many others residing in both Franklin and Tensas parishes have for many years permitted their cattle to roam at large.

It appears that the laws enacted for cattle tick eradication have been suspended or have not been enforced in Franklin parish and that parish has been quarantined. In Tensas parish, however, the work of tick eradication had been carried on under an ordinance of the police jury which had been adopted on September 2, 1924.

In January, 1928, the officers of Tensas parish seized and impounded some twenty head of cattle belonging to petitioners and which were found roaming at large in the woodland of Tensas parish heretofore designated. The seizure was made on January 7, 1928, and on the 9th of that month two of the plaintiffs were notified by letter of the seizure of the cattle and that the cattle were held for the payment of $5 per head for the seizure and 50 cents per head per day as pasture fees.

On January 18, 1928, the plaintiffs obtained the release of said cattle on bond by order of the court, the bond being conditional that petitioners would deliver the said cattle to the proper authorities on demand, or pay to such authorities the accrued fees, charges, and commissions.

The present suit was filed for a preliminary injunction and after due hearing for a permanent injunction prohibiting the named officers from proceeding further under the ordinance of the police jury and from interfering with the control of the cattle by petitioners.

It is alleged that the cattle of petitioners have run at large in the open range of Tensas parish for many years and that the cattle under seizure were born and reared on said range.

It is alleged that the seizure was without judicial process of any kind, that petitioners had no notice actual or constructive of the intended seizure, and were wholly unaware of any seizure until receipt of a letter two days after the seizure.

It is further alleged that petitioners offered to gather up their cattle and to cause them to be dipped at the vats in said parish of Tensas, but that the inspector in charge of the dipping activities refused to permit them to do so.

Act No. 25 of Extra Session of 1917, as amended by Act No. 254 of 1920, is alleged to be unconstitutional, in that it attempts to authorize inspectors to go upon the pastures and ranges and into stock pens and stables of the residents of the state, and of your petitioners in violation of section 7 of article 1 of the Constitution of 1921, which prohibits unlawful searches and seizures of persons, papers, and effects without a warrant.

That said acts do not authorize the seizure of cattle, but provides only a penalty or fine for the violation of its provisions.

That the ordinance of the police jury relative to seizure and dipping and disposing of cattle is unconstitutional, for the reason

that it purports to authorize the taking of property without due process of law, etc.

There are other grounds of attack which it is not necessary specially to refer to.

The court issued a rule nisi and on exception of no cause of action dismissed the suit as previously stated.

We agree with the learned district judge that the statutes relating to tick eradication are within the police power of the state, and that the provisions for taking up cattle is for the protection of the community and is a legitimate exercise of police power.

In the case of Irwin v. Police Jury, 147 La. 826, 86 So. 269, 270, it was said:

"There can be no question but that this matter of tick eradication has been one of wide interest in this state, supposed to involve in a large measure the prosperity and welfare of the state. Such being the case, the right of the Legislature to deal with it as has been done by the said statute can hardly be seriously disputed under the hereinabove statement of the law."

In the above case it was also held that the parishes are mere instrumentalities of the Legislature for local administration.

The statutes on the subject of tick eradication and authorizing the taking up and impounding cattle in the enforcement of such statutes do not violate section 7 of the Bill of Rights (article 1) of the state Constitution 1921. That section only recognizes the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures and provides that no such search and seizure shall be made except upon warrant issued upon probable cause.

This right is obviously not violated by the authorized seizure and detention of cattle roaming at large.

We are of the opinion, however, that the ordinance under which the plaintiff's cattle were taken up goes beyond the authority delegated to or vested in the police jury by the amendatory statute of 1920.

The ordinance attached to the petition provides only for the seizure and impounding of cattle and other animals which are driven into, drift into, or enter by swimming or otherwise, the parish of Tensas from any other parish that is under the state or federal quarantine.

Section 2 of the ordinance only refers to horses, mules, and asses directly exposed to or infested with cattle fever ticks in the parish of Tensas.

It is to be observed that the ordinance makes no reference to the taking up of cattle running at large in the parish of Tensas. Nor does such ordinance provide for any notice or any process whatever to be given to the owner before taking up or impounding cattle running at large in the parish of Tensas, nor does such ordinance provide for notice to the owner by publication or otherwise before such seizure and impounding.

Section 9 of the state statute (Act No. 25 of 1917 [Ex. Sess.]), as amended by Act No. 254 of 1920, § 4, provides that any infested cattle, etc., within this state, the owner or owners of which, after due notice, or if nonresidents, by public notice, published in the parish official journal, shall fail to dip same in a manner satisfactory to the Louisiana Livestock Sanitary Board, the same shall be caught, placed in quarantine, dipped, and cared for at the expense of the owner.

Under this statute, it will be seen that the police jury was not empowered to authorize the taking up of the plaintiff's cattle and to detain them at the expense of the owners in the absence of any notice to such owners in advance of such seizure.

As we have stated, the petition alleges that the petitioners' cattle have run on the particular described range in Tensas parish for many years and that the cattle seized were born and raised on said range in said parish.

It was further alleged that the cattle were seized without any judicial process and without any actual or constructive notice to the owners of the intended acts of the officers of Tensas parish.

In the recent case of Boykin v. Police Jury of Richland Parish, 169 La. 1014, 126 So. 511, 514, in considering a similar question where a mule had been seized under an ordinance making it unlawful for stock to be permitted to run at large and which ordinance did not provide for notice before the seizure, it was held that the failure to provide for such notice in the ordinances under consideration strikes them with an inherent nullity.

We see no sufficient reason for departing from that holding in the instant case.

The exception of no cause of action should have been overruled.

As the cattle in this case have been released to the defendants on bond, there is no necessity for an injunction. The only issue now before the court is the legality of the charges made against the owners.

It is therefore ordered that the judgment be reversed, the exception of no cause of action is overruled, and the case is remanded to the lower court to be proceeded with as herein indicated. The defendants to pay the cost of this appeal.