170 So. 83

### SLATON v. STATE.

8 Div. 300.

Court of Appeals of Alabama.

June 16, 1936.

Rehearing Denied Oct. 6, 1936.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the law and equity court of Lauderdale county, upon an affidavit of one John S. Romine, and warrant issued thereon. Originally, the affidavit consisted of two counts, but count 1 was nol prossed, and the defendant was put to trial on count 2; the trial was had before the court without a jury.

In order to institute a prosecution as here undertaken, the statute provides: A party aggrieved, or desiring to bring a charge of misdemeanor must make affidavit before a proper officer designated by statute, and affiant must allege therein that he has probable cause for believing, and does believe, that the offense complained of (naming such offense) has been committed, etc., whereupon the officer taking the affidavit, shall examine the affiant under oath touching the offense charged in the affidavit, and if such officer has probable cause for believing that the offense alleged in the affidavit has been committed, he shall issue his warrant of arrest. Section 3815, Code 1923; Local Acts of Alabama 1931, pp. 72, 77, § 21.

Count 2 of the affidavit in this case, and upon which the accused was tried and convicted, fails to comply with the foregoing requirement. As said count appears in this record, it reads: "#2. Further that he has probable to believe," etc. This may be a misprision or clerical error, but we are to consider the record as here submitted, and may not assume that appellant was in fact tried upon a correct affidavit or complaint. That affiant has a good reason to believe, or, in the opinion of affiant that the offense has been committed, and other expressions of like import, will not suffice, and no valid judgment can be rendered upon such complaint. Moreover, such an affidavit is wholly insufficient as the basis for a warrant of arrest. Butler v. State, 130 Ala. 127, 30 So. 338; Chappell v. State, 156 Ala. 188, 47 So. 329. The want of an affidavit, the initial step in the prosecution goes to the jurisdiction of the court. The appellate court must take notice ex mero motu. Thomas v. State, 166 Ala. 40, 52 So. 34; Dunklin v. State, 134 Ala. 195, 32 So. 666.

Pretermitting the foregoing, however, we have further examined the record in this case, and all the evidence adduced upon the trial, and are clear to the conclusion that the state failed to meet the burden of proof necessary to a conviction. The court under this evidence should have discharged the defendant. Under the provisions of section 3259 of the Code of 1923, an order is here entered reversing the judgment of conviction from which this appeal was taken, and discharging the defendant (appellant) from further custody in this proceeding.

Reversed and rendered.