182 So. 482

## DE GRAFFENRIED v. STATE.

### 4 Div. 304.

Court of Appeals of Alabama.

April 12, 1938.

Rehearing Stricken June 30, 1938.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

H. A. Ferrell, of Seale, for appellant.

**PER CURIAM.**

The appellant was indicted, tried, and convicted for the offense of forgery in the second degree.

The instrument alleged to have been forged was a purported decree of the circuit court of Russell county, Ala., Southern Division, sitting in equity, granting a divorce to Maybell Ingram in the case of Maybell Ingram v. T. A. Ingram. The alleged forged decree bears date of July 11, 1935.

It was claimed by the state, and its evidence tended to show, that on July 11, 1935, no divorce decree had been rendered by the circuit court of Russell county in said cause.

A divorce decree is a subject of forgery in Alabama. Murphy v. State, 118 Ala. 137, 23 So. 719.

In Mooney v. State, 23 Ala.App. 446, 126 So. 611, this court, through Samford, J., said: "Venue is not a part of the corpus delicti, but is one of the material allegations of an indictment which must

be proven to the satisfaction of the jury beyond a reasonable doubt. In the absence of such proof the defendant cannot be convicted if he seasonably brings the omission to the attention of the court trying the case. Const.1901, § 6; Code 1923, § 4891; Pate v. State, 20 Ala.App. 358, 102 So. 156."

The evidence in the case shows, without dispute, that Maybell Ingram was a married woman. She was keeping company with Alfred Miles. He lived at 1023-14th street, Columbus, Ga.; she lived at 1038 Virginia street, Columbus, Ga. Alfred Miles went to Phenix City, in Russell county, Ala., and told the appellant that he wanted to see him about getting a divorce for a friend, and asked the defendant what he would charge, and defendant said "$25.00," whereupon Alfred Miles told the defendant to see Mrs. Ingram, who was at 1038 Virginia street, Columbus, Ga. The defendant called on Mrs. Ingram in Columbus, Ga., and she testified that some time later he came again to Columbus, Ga., and there presented her with the decree it is claimed was forged, stating "Little Lady, here's your divorce; you are free to marry now any time you want to." The delivery of the forged decree was on or about July 11, 1935.

The defendant admits that following the conversation with Mr. Miles, he went over into Columbus, Ga., alone, or in company with Mr. Miles, to the home of Mrs. Ingram, where he there obtained the information from her about her marriage, residence of the parties, and grounds for divorce. He claims he had the divorce proceedings under way when Mrs. Ingram became impatient and wanted some kind of decree that would protect her in living with Miles. It appears without dispute that the appellant went to the register of the circuit court of Russell county and got a blank copy of a divorce decree and in the office of Joe McGee, a lawyer in Columbus, Ga., he filled out the decree with the exception of the signature and took the same, unsigned, to Mrs. Ingram's home, in Columbus, Ga., where the decree was signed and an old notarial seal was affixed thereto.

Section 4893 of the Code provides: "When the commission of an offense, commenced here, is consummated without the boundaries of this state, the offender is liable to punishment therefor; and the jurisdiction in such case, unless otherwise provided by law, is in the county in which the offense was commenced."

The evidence being uncontradicted and without dispute, the question is whether obtaining a blank divorce decree from the register of the circuit court in Russell county was the commencement of the offense of forgery, which consisted in forging the judge's name to the decree and the name of the register to the certificate in Columbus, Ga., after the decree had been filled in, in Columbus, Ga.

In Brown v. State, 108 Ala. 18, 23, 18 So. 811, 813, in construing our statute, section 4894 of the Code 1923, which provides that when an offense is committed partly in one county and partly in another, or the acts and effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county, the Supreme Court of Alabama said: "The substance of the instruction to the jury to which an exception was reserved is that if the defendant and the woman agreed to go to Mobile county and there live in adultery, and in pursuance of the agreement they did go to Mobile and live in that condition, there could be a conviction under the accusation. As we gather from the argument of counsel, the instruction was supposed to be authorized by the statute (Cr.Code, § 3719), which declares that 'when an offense is committed partly in one county and partly in another, or the acts, or effects thereof, constituting, or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county.' It was a rule of the common law that when an offense was constituted by a series of acts, a part of which were done in one county and a part in another, there could be no prosecution in either, unless so much was done in the one as would constitute a complete offense. 1 Bish.Cr.Pr., § 54. Examples of the application of the rule will be found in 1 Chit.Cr.Law, 177; 5 Bac.Abr. Tit. 'Indictment,' subd. F. The controlling purpose of the present statute was the abrogation of the rule of the common law. A single, indivisible offense, not consisting of several parts is not within the operation of the statute. If there was no more in Baldwin county than the agreement of the parties to live in adultery in Mobile county, however immoral the agreement was, an indictable offense was not committed. Miles v. State, 58 Ala. 390; Shannon v. Com., 14 Pa. 226; Smith v. Com., 54 Pa. 209 [93 Am.Dec. 686]. The offense the statute denounces may have been contemplated, but it rested in contemplation mere-

ly. There was not, and could not be elsewhere than in Mobile county an attempt to commit it. An attempt to commit a crime may be indictable; but the mere intent to commit it, unaccompanied by any act in furtherance of the intent, cannot be matter of indictment. The living together in adultery, the state or condition against which the statute is directed, in its nature and essence, is a single, indivisible offense, which cannot be severed. It commences when the state or condition is assumed, and not until it is assumed; and it is indictable only when and where the state or condition is actually and intentionally entered upon and assumed. There was error in the giving of this instruction."

 To use the words of the Supreme Court in the case above referred to, "the offense the statute denounces may have been contemplated" when the appellant obtained the blank form of decree from the register of the circuit court of Russell county, but is rested in contemplation merely. The offense was not committed until the signature of the judge, or the signature of the register, was affixed, as charged in the indictment. A mere intention to commit an offense is not the legal equivalent of commencing its commission. The defendant was not indictable in Russell county for obtaining a blank form of a divorce decree with intent to forge it. If procuring a blank form of a divorce decree with intent to forge it is the commencement of a crime of forgery, where the forgery is consummated elsewhere, the same reasoning would require us to hold that borrowing money for the purpose of traveling to a foreign jurisdiction for the purpose of there forging a decree of divorce would be the commencement of the crime of forgery. It might require this court to go further and hold that if a citizen of Alabama decided to walk to Georgia and there forge a decree of divorce, that the first step he took in that direction would be the commencement of the crime of forgery. The opinion here prevails that section 4893 of the Code does not apply where the crime is a single indivisible offense not consisting of several parts, such is not within the operation of the statute. We are of the opinion that before it can become operative in a criminal case, one of two things must appear; either the offense must be divisible and each part must be unlawful in and of itself, and committed at a different time and place, or it must consist of more than one act, each of which acts, or the effect of each must constitute an unlawful element of the offense, without the presence of which the offense could not be consummated.

We are therefore of the opinion and so hold that the undisputed and uncontradicted evidence in this case not only fails to prove the venue, but, on the contrary, affirmatively disproves it.

The affirmative charge was requested by appellant on this point, the matter of failure to prove venue was properly called to the trial court's attention, and was also made the subject of grounds of appellant's motion for a new trial. The required rule having thus been fully complied with the court fell into error by its rulings in this connection.

Upon this appeal numerous other insistences of error are presented and insisted upon, but these points not being necessary to a decision, from what has been said, there is no necessity to discuss the several other rulings complained of.

Reversed and remanded.