200 So. 626

## ROBISON v. STATE.

### 8 Div. 24.

Court of Appeals of Alabama.

Nov. 19, 1940.

Rehearing Denied Jan. 14, 1941.

H. H. Hamilton, of Russellville, for appellant.

Brief did not reach the Reporter.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was for the alleged violation of the statute which makes it an offense for any person to drive any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, etc. Section 1397 (51), Alabama Code of 1928; Genl. Acts of Alabama 1927, pp. 348 to 408.

The defendant (appellant) was arrested on a warrant issued upon the affidavit of R. C. Kimbrough, the principal witness for the State. Upon the trial the accused was convicted and was assessed the lowest fine provided by the statute, supra, viz., $25. Failing to pay said fine and costs, or, to confess judgment therefor, the court, as the statutes required, sentenced him to hard labor for the county for the proper period of time. From the judgment of conviction, this appeal was taken.

The question here presented is the sufficiency of the evidence to sustain the conviction.

This court has carefully read, and attentively considered, all the evidence adduced upon the trial in the court below, and are clear to the opinion the State failed to meet the burden of proof necessary to support a conviction. This testimony, without dispute, disclosed that upon the occasion in question, the defendant accompanied by a friend, one Joe Stanley, was on his way home, a few blocks away, driving his "Model A" Ford car on a back street in

the Town of Russellville. That said "car had a bursted block in it," "and the gears were stripped," and "was hitting on only three cylinders," all this, as stated, without dispute or conflict. The prosecutor, R. C. Kimbrough, testified, among other things: "I am the chief deputy sheriff of the county." That he and other officers were out searching for another and different Model A Ford car, said to contain whiskey, the witness stating: "We was looking for a Model A. we had information had some liquor. We drove in Dilliard Hollow and saw a Model A just pulling out. We speeded up trying to catch it coming up the hill, and couldn't get close to see who it was. It came on down the hill and we run up at the side and seen it was Copeland Robinson." In reply to the question, "Describe how the car was being driven from the time you first saw it until you run up on him?" the witness answered: "Looked like high speed. I don't know how fast it was going." Later, this witness testified he thought the car was going 40 to 50 miles. In this connection the record shows the following:

"Q. Do you remember the time of night it was? A. The early part of the night, just about dark.

"Q. Was there much traffic in the street? A. I don't remember noticing any traffic. * * *

"Q. There is a good deal of traffic on it all the time? A. I don't remember if he met any or passed any."

This witness, and also all the other witnesses, testified that the street, on which defendant was driving, was 50 feet wide, a graveled street, and that while the officers were following defendant in his car, he, defendant, came to a stop, traffic light, at which he promptly stopped his car, and the prosecutor himself told defendant up to that time he had not driven recklessly and there would have been nothing to it, but the driving of the car from said light to his home, a distance of about two blocks, was the act complained of in the affidavit he had made, and upon which this prosecution was had. In other words, if he had not driven away and left the officers "there would have been nothing to it."

Appellant, defendant below, was not charged with violating the speed limit, if any exists, of the Town of Russellville; nor was he charged with the offense of operating a motor vehicle on the public highway when under the influence of intoxicating liquor or drugs, etc., as to either of which there was no evidence. As stated hereinabove, he was specifically charged with driving a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, etc., and, of course, he was called upon to answer and defend this particular charge and no other. It is conclusively shown by the testimony that the vehicle in question was an old Model A car which had a bursted block in it, and the gears were stripped and the car was hitting only on three cylinders. The testimony, without dispute, shows that an attempt had been recently made to repair the bursted block and the method of this repair was they had put *"pepper"* and *"hominy"* in the bursted block to keep it from leaking oil, etc. The prosecutor directly testified there was no traffic on the street at the time of the alleged commission of said offense, and that pending the driving of the car they met no one and encountered no property of anyone on the street at all. From all this, and other evidence of like import, we do not think it amiss to state that the only apparent hazard to anyone was confined solely to the occupant of the decrepit car itself, with its hominy and pepper, its bursted block and deficient cylinders and that this hazard may have been in the danger of a spontaneous combustion of the vehicle itself, and not from reckless driving of the derelict jalopy.

It could be reasonably stated, we think, from the evidence, that the officers were chagrined because the defendant drove off and left them at the traffic light, hence this prosecution.

■ Officers charged with the enforcement of law should be commended for the assiduous and proper discharge of their duties. However, in this connection all officers should be careful not to infringe upon the legal rights of any citizen, and should never capriciously subject a citizen to the embarrassment, etc. incident to an unauthorized and illegal arrest. A case like the one at bar has no place upon the dockets of the courts in this State. The prosecution was improvidently begun and the conviction of this appellant should not have been attained under the undisputed facts.

The judgment appealed from is reversed and one here rendered discharging appel-

lánt from further custody in this proceeding.

Reversed and rendered.

## On Rehearing.

Upon the original consideration of the facts of this case, as shown by the record, this court ascertained, determined, and so held, that upon the trial of this case in the court below the evidence was wholly insufficient upon which to base a verdict of guilty, and further, that the State failed to meet the burden of proof necessary to a conviction. We adhere to the former holding in this connection, and again state, in our opinion, the facts in no manner would warrant the conviction of this appellant, defendant below, of the charge against him.

■ In addition to the expressed opinion of this court, upon the facts, as aforesaid, an order was here rendered in favor of the accused for want of sufficient testimony, discharging him from further custody in this proceeding. As to the order of the court discharging the defendant, the State upon this application for rehearing insists that this court was without the authority to render judgment in favor of defendant, and should have remanded the case to the court below, this insistence being to the effect that the general rule is, where an appeal is from a judgment entered on the verdict of a jury, the cause should, upon reversal, be remanded for retrial by jury. As to this, we may say, there are always exceptions to general rules and customs. In addition to this, there are express statutory provisions giving authority to the appellate courts, upon reversal of a cause upon appeal, to render such judgment as the law demands. Section 3258 of Code 1923 expressly so provides; and Section 3259 of the Code 1923, likewise provides: "If the judgment is reversed, the supreme court or court of appeals may order a new trial, *or that the defendant be discharged,* or that he be held in custody until discharged by due course of law, or make such other order as the case may require; and if the defendant is ordered to be discharged, no forfeiture can be taken on his undertaking of bail."

The following authorities bear directly upon the proposition under discussion.

In the case of Allen v. State, 40 Ala. 334, 91 Am.Dec. 477, the Supreme Court held that where all the evidence in the bill of exceptions shows that the prisoner cannot be convicted it was deemed the duty of the court upon the record, and authority conferred on the court by Section 765 of the Penal Code, to reverse the judgment of the court below, and order the prisoner from further custody in the cause.

In Templin v. State, 159 Ala. 128, 48 So. 1027, 1028, our Supreme Court said: "The evidence conclusively showing that there could be no conviction of the offense charged, the judgment is reversed, and judgment will be here rendered discharging the defendant."

In White v. State, 18 Ala.App. 50, 88 So. 451, 452, this court said: "Under the statute (Code 1907, § 6264) it is the duty of the appellate courts of this state to consider all questions apparent on the record, or reserved by bills of exceptions, and to render such judgments as the law demands."

■ In the case of Tool v. State, 21 Ala. App. 233, 107 So. 36, this court said: "The general rule and custom in reversing judgments of conviction, where trial by jury was had, is to remand the cause to the court below for further proceedings. But the law requires of this court to consider all questions apparent on the record or reserved by bill of exceptions, and makes it the duty of this court to render such judgment as the law demands. Code 1923, § 3258. There being not even a scintilla of evidence in this record to incriminate this appellant as to the commission of the offense charged against him, not only does the law demand, but the promptings of humanity require, that he be given his absolute discharge and an acquittal. Such is the order of this court."

In Hutchins v. State, 22 Ala.App. 646, 119 So. 250, 251, the court said: "This court under its general powers of supervision over inferior courts considers the record for the purpose of entering such judgment as the circuit court should have entered."

See also Culligan v. State, 29 Ala.App. 29, 191 So. 405, 406; Atkins v. State, 27 Ala. App. 212, 169 So. 330; Baggett v. State, 22 Ala.App. 647, 119 So. 251; Dollie Mitchell v. State, 22 Ala.App. 647, 119 So. 251; Woodham v. State, 28 Ala.App. 62, 178 So. 464. Also 17 Corpus Juris, Sec. 3758, where it is said: "An appellate court possesses power, on reversal, to discharge the prisoner absolutely if justice requires it."

See also the case of Walsh v. Commonwealth, 224 Mass. page 39, 112 N.E. 486.

This court in Johnson v. State, 22 Ala. App. 149, 113 So. 484, 485, said:

"Under this evidence and other of like import this court is clearly of the opinion that the defendant did not engage in the practice of optometry as contemplated by law, nor does the evidence tend to sustain the alternative charge in the complaint that he held himself out as a practitioner of optometry.

"The entire evidence being without dispute or conflict, the affirmative charge was appropriate, and should have been given for defendant as requested in writing. The court erred in refusing said charge, and, as there is no evidence in this case to sustain the accusation against this appellant, an order will be here entered discharging him from further custody in this proceeding. The defendant is discharged. Code 1923, § 3259.

"Reversed and rendered."

In the case of Slaton v. State, 27 Ala. App. 243, 170 So. 83, 84, this court said: "We have further examined the record in this case, and all the evidence adduced upon the trial, and are clear to the conclusion that the state failed to meet the burden of proof necessary to a conviction. The court under this evidence should have discharged the defendant. Under the provisions of section 3259 of the Code of 1923, an order is here entered reversing the judgment of conviction from which this appeal was taken, and discharging the defendant (appellant) from further custody in this proceeding."

It is apparent, from the record, that every available witness to the transaction complained of, was present at the trial of this case in the court below. We have held that the evidence adduced upon said trial was insufficient to support a conviction. Courts will not do a useless thing, and from our viewpoint to remand this case, at the request or insistence of officers of the lower court, or other interested parties, would be a useless undertaking, and unfair to the accused to subject him to another trial on said evidence.

There appears no reason or justice in remanding the case to the trial court for further proceedings, and none has been suggested. Apparently now no further judgment should be rendered.

The application for rehearing is overruled.