BOWEN W. SIMMONS, Retired Circuit Judge.
The indictment against appellant-defendant contains two counts. Count One charged larceny of a Ford pickup truck, valued at $4,500. Count Two charged defendant with buying, receiving and concealing the same property. Both counts alleged the truck was the personal property of Larry Spradlin.
A jury returned a verdict of guilty under Count One. The court fixed punishment at five years imprisonment.
At the outset we wish to observe that the jury’s specification of guilt under Count One (the grand larceny charge) served as an acquittal of defendant under Count Two of the indictment. Culligan v. State, 29 Ala.App. 29, 191 So. 405(1); Foxx v. State, 26 Ala.App. 146, 154 So. 912; Alabama Digest, Criminal Law, Vol. 6A, No. 878(3).
It appears from the evidence of Larry Spradlin, the owner, that the truck was stolen from a parking area in Cullman County where he had left it. The theft occurred on January 17, 1978.
It appears that the stolen truck was found in the possession of Roger Cornelius on February 14, 1978. The discovery was made by law officers.
Roger Cornelius testified that he bought the truck from appellant-defendant and paid him $800 for it. The actual delivery and payment took place at a beer joint near the county line between Walker and Jefferson counties. Cornelius was not indicted or arrested on any charge relating to or growing out of the sale transaction.
Johnny Wright, who, prior to the instant nisi prius trial had pled guilty to possession of the same truck, testified that the truck, prior to its sale, supra, was kept in an enclosed bay or stall at a garage and service station owned and operated by defendant’s father whose business defendant operated and managed while his father was sick in a hospital.
This witness testified that the defendant showed him the truck. We quote:
“Q Did you and the Defendant talk about it there at that time?
“A Yes.
“Q Just what took place? What did he say and what did you say there about that truck?
“A Well, he said, he had a truck there that he wanted to sell.
“Q And, go ahead. Tell everything that was said.
“A Well, I just asked him where he got it. He said, he got it up above Warrior somewhere.
“Q And, did he say it was stolen?
“A Yes.
“Q And, said he got it up above Warrior somewhere?
“A Uh-huh.
“Q Well, what else did he say? Did he say anything to you, if you could sell it or anything?
“A No, he just said he was going to sell it.”
It further appears from the testimony of this witness (Wright) that he contacted Cornelius about the truck and told him it was for sale. Cornelius came to the service station, took the truck for a test drive, and *1009 expressed an interest in buying it, but did not have but $400 of the $800 asking price. Wright went to the bank and borrowed $400 and gave it to Cornelius to supplement the $400 he had. Together, with another, they drove to the beer joint where they met defendant who appeared in another automobile just ahead of the arrival of the truck driven by Mr. Humber, a friend of defendant. It was there that the sale was consummated and the truck delivered to Cornelius. There was considerable testimony not here set forth. Suffice it to say that the testimony shows that defendant was in actual possession of the truck at the service station that he delivered for a price to Cornelius. We also note here that defendant did not testify.
I
Appellant asserts that Roger Cornelius was an accomplice as a matter of law and that defendant’s motion (infra) to exclude the evidence should have been granted. The ruling of the court denying the motion was correct.
The transaction with Cornelius took place several days after the theft. There is no evidence to show that Cornelius ever had any knowledge of the truck until Wright told him and encouraged him to buy the truck. Defendant was convicted of stealing the truck and acquitted of the offense charged in Count Two. It was not necessary for the State to corroborate Cornelius’ testimony as to his part in purchasing the truck. Wright’s testimony, supra, placed the actual possession of the stolen truck in defendant. Unexplained possession of recently stolen goods is a fact from which the jury may infer guilt of larceny of the goods. Klemmer v. State, 51 Ala.App. 383, 286 So.2d 58(5), cert. denied 291 Ala. 786, 286 So.2d 62; Alabama Digest, Vol. 13A, Larceny, No. 64(1).
When the State rested, and the jury excluded, defendant’s counsel made a motion. We quote:
“MR. GÜIN: We would make a motion to exclude Count One of the Indictment— the grand larceny charge. We don’t think it should be for the Jury’s consideration, because there has been no evidence whatsoever by the State’s testimony to indicate that this Defendant, Johnny Rice, had anything to do whatsoever in the felonious taking and carrying away of any merchandise at all. . . . ”
It thus appears, supra, that defendant asserted before the court that there was no evidence at all to connect defendant with the theft of the truck. But, there was evidence of Wright, supra, to connect defendant with the theft; namely, defendant’s unexplained possession of the stolen vehicle and the evidence of Cornelius that he purchased the truck from defendant and paid him for it. We wish to comment again that the record fails to reveal any evidence that connected Cornelius with the theft of the truck. The evidence reflects no such connection. It fully appears that he entered the picture after the theft. His possession is fully explained.
The evidence fails to show that Wright was connected with the theft of the truck. The fact that Wright had been convicted of possessing the stolen truck and that Cornelius had purchased it does not make either, as a matter of law, an accomplice of appellant-defendant in the theft of the truck for which he was convicted. Dye v. State, 25 Ala.App. 138, 142 So. 111(1, 2); Childs v. State, 43 Ala.App. 529, 194 So.2d 861(3). So far as the record shows neither Wright nor Cornelius was an accomplice of defendant in the commission of the theft.
II
A second contention is presented as follows:
“DID THE STATE PRESENT INSUFFICIENT EVIDENCE TENDING TO CONNECT THE APPELLANT WITH THE CRIME OF GRAND LARCENY AND THUS FAIL TO CORROBORATE AN ACCOMPLICE’S TESTIMONY?”
We have already discussed, supra, that defendant had actual possession of the stolen truck which was sufficient to establish an inference of guilt; also that neither Cor *1010 nelius nor Wright was an accomplice in such theft.
Ill
A third and final contention is that the judge committed reversible error in giving an oral charge to the jury as follows:
“Now, let me say this to you, Ladies and Gentlemen, you have sufficient evidence in this case to reach a verdict and you have the law that you will apply to it.”
We have examined the record and fail to find any exception or objection to the afore-quoted excerpt of the charge. There is nothing for this Court to review. Duncan v. State, 46 Ala.App. 165, 239 So.2d 237(3); Cox v. State, 280 Ala. 318, 193 So.2d 759.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a Retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.