PATTERSON, Presiding Judge.
The appellant, Reginal W. Pope, was convicted of the crime of criminal solicitation of murder under § 13A-4-1, Code of Alabama 1975, and was sentenced to 30 years’ imprisonment. His principal contention on appeal is that the trial court committed reversible error in denying his motion for judgment of acquittal made at the conclusion of the state’s case and his motion for a new trial, both based on the ground that the state failed to prove proper venue in Marengo County, Alabama, where he was indicted and tried. A statement of the facts is necessary to dispose of the venue issue.
The state’s evidence established that the appellant had solicited Keith Davis to murder the appellant’s mother by placing a rattlesnake in her bed. The appellant’s actions were apparently motivated by a desire to acquire his mother’s property. The appellant and Davis became acquainted when they met, by chance, on October 12, 1988, at a Waffle House restaurant in Pensacola, Florida. In the course of their general conversation about their families and the type of work in which they engaged, the appellant learned that Davis was experienced in handling poisonous snakes. The appellant displayed a keen interest in poisonous snakes and asked Davis numerous questions about them. The two men agreed to meet again at the Waffle House restaurant the following day.
On October 13, they met again and continued the discussion regarding snakes. Davis came away from this meeting with the impression that the appellant wanted to use a snake to play a practical joke on someone. Upon parting, they agreed to meet again the following day.
On October 14, they met at the Waffle House restaurant again. On this occasion, the appellant talked about a “snake project” and told Davis that Davis was “just the guy [he’d] been looking for.” He told him about a 62-year-old person that he had “been after” for 3 years. While the *1280 appellant did not tell Davis what he wanted him to do at this meeting, Davis left with the suspicion that the appellant wanted to kill someone by using a poisonous snake. They agreed to meet again on October 17. Because of his suspicion, Davis contacted the Escambia County, Florida, sheriffs department and reported what had taken place.
On October 17, Davis and the appellant met again at the Waffle House restaurant and, at the appellant’s suggestion, drove to the parking lot of a nearby WalMart discount store, where they renewed their discussion. On this occasion, Davis wore a concealed transmitter which had been placed on him by Escambia County, Florida, law enforcement officers, and this conversation was recorded’ in its entirety. During this conversation, the appellant began to lay plans for carrying out the murder. He stated that he had definitely decided to use a snake. He asked numerous questions about the effects of a snakebite, the most vulnerable spots for a snake to bite, and the time it would take for a snakebite to kill a person. He discussed the manner in which he and Davis would approach the house of the intended victim, and he asked Davis to accompany him that day to Sweetwater, Alabama, so that Davis could familiarize himself with the area. Sweetwater is in Marengo County, Alabama. Davis told him that he could not go that day, and they agreed to meet again the next day.
The following day, Davis and the appellant met at the Waffle House restaurant again and drove to the WalMart discount store parking lot, where they resumed their conversation. This conversation was also recorded. The appellant also discussed the plans again with Davis, told him he was going home to obtain some “front money” for him, and told him he would call him and tell him when to come to Sweetwater.
A “tap” was placed on Davis’s telephone by the officers and, when the call came from the appellant, it was recorded. The appellant advised Davis that he had raised $300 “front money” for him, and it was agreed that Davis would meet the appellant at the Circle B restaurant in Thomasville, Alabama, on the following Thursday, at noon. Thomasville is in Clarke County, which is adjacent to Marengo County. It can be reasonably inferred from what was said by the appellant in this taped telephone conversation that the call originated from his mother’s home in Sweetwater.
The Alabama authorities were notified and, thereafter, were actively involved in the investigation along with the Florida authorities.
Davis met the appellant at Thomasville as planned. He wore a concealed transmitter and carried a rattlesnake, which had been furnished by the Alabama authorities, in a sack. Davis and the appellant sat in the appellant’s vehicle in the parking lot of the Circle B restaurant, and the appellant outlined plans for the murder. The appellant told Davis that they would hide Davis’s vehicle on a logging road near his mother’s house and would go to her house in the appellant’s truck; that Davis would wait behind the house while the appellant went inside to determine where his mother was and what she was doing; and that the appellant would open the door for Davis to enter the house with the snake. The appellant then handed Davis $300.
After this conversation, Davis and the appellant drove their respective vehicles into Marengo County to a point near the appellant’s mother’s house, where they concealed Davis’s vehicle. Davis, carrying the sack containing the snake, got into the appellant’s vehicle, and the appellant again reviewed the plans with Davis. They drove to the appellant’s mother’s house in Maren-go County, and parked in the rear. The appellant told Davis to wait while he went inside to determine his mother’s location. Before going inside, he locked his dog in a shed. As the appellant entered the house, he was arrested by officers who were waiting inside.
The appellant argues that, under the facts of this case, if a criminal solicita *1281 tion occurred, it occurred entirely in Florida and not in Alabama. Consequently, he argues, venue could not have been proper in Marengo County. He relies on our definition of criminal solicitation in Kimbrough v. State, 544 So.2d 177 (Ala.Cr.App.1989), and our venue statute to support his argument. The state, on the other hand, contends that the criminal solicitation was continuous and occurred in Marengo County, Alabama, as well as in Florida. It cites no authorities.
Section 15-2-2, Code of Alabama 1975, provides: “Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed.” Thus, where venue is not specifically stated, as is the case for criminal solicitation, the proper county for prosecution of the offense is the county in which the offense occurred. Venue is jurisdictional and without proof of proper venue, where, as here, the question is properly raised, a conviction cannot be sustained. Ex parte Watts, 435 So.2d 135 (Ala.1983). See also Willcutt v. State, 284 Ala. 547, 226 So.2d 328 (1969); Culligan v. State, 29 Ala.App. 29, 191 So. 405 (1939).
Section 13A-4-1 provides, in part, as follows: “A person is guilty of criminal solicitation if, with the intent that another person engage in conduct constituting a crime, he solicits, requests, commands, or importunes such other person to engage in such conduct.” The two elements of the crime of solicitation are: first, the solicitation, and, second, the specific intent that another person engage in the conduct constituting a crime. Given the requisite intent, the crime is in the communication to another to commit a crime, and no resulting action is necessary by the person being solicited. Kimbrough.
The appellant argues that the criminal solicitation for which he was prosecuted was made, accepted, and completed in Florida and, therefore, Alabama was without jurisdiction to try him. He argues that the subsequent conversations and actions which occurred in Alabama were merely in furtherance of the original solicitation and did not constitute a criminal solicitation in Alabama. He, in effect, argues that there can be only one request or solicitation to carry out any particular criminal conduct.
In the instant case, the burden was upon the state to prove venue, i.e., that the offense was committed in Marengo County, Alabama. Section 15-2-2. Venue is one of the material allegations of an indictment which must be proven to the satisfaction of the jury beyond a reasonable doubt, and, in the absence of such proof, a defendant cannot be convicted if he timely brings the failure to prove venue to the attention of the court. De Graffenried v. State, 28 Ala.App. 291, 182 So. 482 (1938). The appellant timely raised the issue of venue by a motion for judgment of acquittal. In essence, he asserts that there was insufficient evidence presented by the state to prove venue. When a defendant challenges his conviction claiming that there was insufficient evidence to support the verdict, we determine whether there was legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could find the defendant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will only determine if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983). In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).
The critical question, viewing the evidence in the light most favorable to the state, is whether any rational trier of fact could have found that venue was proper in Marengo County or, in other words, whether the offense of criminal solicitation charged in the indictment was committed in Marengo County, Alabama.
*1282 Certainly, it is reasonable to conclude from .the evidence that the crime of solicitation, as defined in the Alabama statute, was committed by the appellant in Florida by the time appellant and Davis had completed their fifth meeting in Florida. It is also reasonably arguable that a criminal solicitation occurred in Clarke County, Alabama. Most pertinent to this issue before us, however, is our firm conviction that the jury could have, by fair inference and beyond a reasonable doubt, found that the crime of solicitation occurred by the appellant’s actions in Maren-go County, including his telephone call to Davis in Florida wherein the appellant, for the first time, committed to an exact sum of money as a preliminary payment to Davis. The fact that a criminal solicitation can be accomplished with one contact does not preclude the possibility that it can take several contacts to accomplish one solicitation or that several independent solicitations can occur. A single solicitation may continue over a period of time and involve several contacts. Frye v. State, 62 Md.App. 310, 489 A.2d 71 (1985). The fact that a criminal solicitation was committed in Florida does not necessarily mean that one was not also committed in Alabama. A person commits the crime of criminal solicitation in Alabama if he, with the intent that another person engage in conduct constituting a crime, “solicits, requests, commands, or importunes such other person to engage in such conduct.” Section 13A-4-1. “Importune” is defined in Webster’s International Dictionary (2d ed. 1935), as follows: “To annoy; worry. To press on; impel. To press with frequent, unreasonable or troublesome application or pertinen-cy. To urge persistently. To request or solicit with urgency. To import; signify.”
When the appellant and Davis met in Thomasville, Clarke County, Alabama, the appellant gave Davis $300. He informed Davis of his plans of how the murder should be carried out, including how they would hide Davis’s vehicle and how they would approach the victim’s home. Upon arriving in Marengo County, the appellant reviewed his plans again with Davis, discussed the layout of the area with Davis, hid Davis’s vehicle on an isolated logging road, and drove Davis to the victim’s home. Upon arriving at the victim’s home, the appellant, after showing Davis where to hide, told him that he would go into the house, locate the victim, and then let Davis in a side door.
We conclude, after reviewing the evidence, that even though a criminal solicitation may have occurred in Florida and in Clarke County, Alabama, there was a continuing transaction consisting of several independent criminal solicitations, and each element of solicitation to commit murder was also committed in Marengo County, Alabama. In fact, the testimony presented evidence upon which the jury could have reasonably found the occurrence of two solicitations in Marengo County: the telephone call and the appellant’s actions once Davis and he were in Marengo County. In regard to the telephone call, which by reasonable inference, originated from the victim’s residence in Marengo County, the appellant, for the first time, assured Davis that he could come up with the requested $300 “front money.” Once in Marengo County, the appellant continued to importune, i.e., press on and urge, Davis to commit the crime. Either of these actions constituted a new and independent solicitation. We hold that there was sufficient evidence from which the jury could have found beyond a reasonable doubt that the offense of criminal solicitation was committed in Mar-engo County. If there is evidence of venue and it is in conflict, venue is a question for the jury. Stokes v. State, 373 So.2d 1211 (Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala.1979). The evidence of venue was in conflict in the instant case, and the trial court properly submitted the issue to the jury.[1]
*1283 The appellant’s issues raised on appeal pertaining to entrapment, alleged ineffective assistance of counsel at trial, an alleged illegal arrest without a warrant, an alleged illegal subsequent arrest under an improper warrant, the alleged failure to obtain the arrest warrant from a neutral magistrate, and the alleged excessiveness of his sentence are procedurally barred from review for failure to preserve the issues by proper objection in the trial court. See Ex parte O’Leary, 417 So.2d 232 (Ala.1982), cert. denied, 463 U.S. 1206 (1983); Biddie v. State, 516 So.2d 846 (Ala.1987).
We have reviewed the remaining issues raised on appeal and find no merit in them. We deem further discussion of these issues unnecessary.
This case is due to be affirmed.
AFFIRMED.
All Judges concur.

. While the trial court’s instruction to the jury on the issue of venue was not as thorough as it could have been, we think it was sufficient, understandable, and not misleading when con *1283 sidered with the jury instructions in their entirety.