By the Bourt

Lyon, J.,
delivering the opinion.
By an Act of Congress, entitled “An Act to establish places for rendezvous for the examination of enrolled men,” approved 11th *136 October, 1862, it is enacted “That there shall be'established in each county, parish, or district, etc., in the several States, a place of rendezvous for the persons in said county, district, parish or city, enrolled for military duty in the field, who shall be there examined by one or more surgeons to be employed by the Government, and to be assigned to that duty by the President, on a day, of which ten days notice shall be given by said surgeon, and from day to day thereafter, until all who shall be in attendance for the purpose of examination shall have been examined; and the decision of said surgeon, under regulations to be established by the Secretary of War, as to the physical and mental capacity of any such persons for military duty in the field, shall be final.” It was competent and proper for Congress to appoint this tribunal for the examination and adjudication of the question of the physical ability of persons for military duty in the field. Indeed that is not denied. That tribunal, the board of surgeons for the district to which this applicant for discharge belonged, was the proper and only one to determine the only question made in this record — one of physical ability for military duty in the field. And that board having determined that he was able to do such duty, its decision is “final” and conclusive on this plaintiff and on this Court. We have no power to review its judgments, or to go behind them.
Let the judgment of the Court below be affirmed.