### 8 Div. 932.

Court of Appeals of Alabama.
Feb. 19, 1935.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

159 So. 502

## PETTUS v. STATE.

### 8 Div. 92.

Court of Appeals of Alabama.
Feb. 19, 1935.

[1] Ante, p. 347.

348

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was tried and convicted for the violation of section 3883 of the Code 1923, which makes it an offense for any person while intoxicated or drunk to appear in any public place where one or more persons are present, and manifest a drunken condition by boisterous or indecent conduct, or loud and profane discourse.

Under the specific terms of the foregoing statute, in order to sustain a conviction for its violation, the state is under the burden of showing by the proper measure of proof (1) that the person accused, at the time complained of, was intoxicated or drunk; (2) that, while so intoxicated or drunk, he appeared at a public place where one or more persons are present (or at or within the curtilage of any private residence, not his own, where one or more persons are present), and (3) manifested a drunken condition; (4) by boisterous or indecent conduct, or loud and profane discourse.

Certainly it is not commendable for a person to become intoxicated or drunk. But, if a person should do so, and while in such condition appear in either of the forbidden places designated in the statute, supra, it would be no offense under said statute, unless such person manifested his drunken condition by boisterous or indecent conduct, or loud and profane discourse as the statute specifically prescribes. A mere "staggering" by the accused would not suffice; and in the instant case it appears from the only legal evidence adduced upon the trial that this appellant only "staggered" at the time and place in question. The other alleged incriminating facts attempted to be shown were by the conclusions of the witnesses only, and the objections to this testimony were well taken; consequently the exceptions reserved in this connection are sustained. Aside from this, we are of the opinion that the preponderance of the evidence, which was undisputed, tends to show that the "staggering" condition of the appellant was the result of physical infirmities and not caused by his having imbibed too freely of intoxicants. No witness testified as to having seen the accused take a drink of intoxicating liquor on the day in question. Every witness who testified in behalf of the defendant stated he did not do so. Under this status, we are convinced that the state failed to meet the burden of proof necessary to a conviction in showing defendant's guilt by the evidence beyond a reasonable doubt and to a moral certainty. This being true, the court erred in refusing to give the general affirmative charge requested in writing by the defendant.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.