165 So. 600

## INGRAM v. TOWN OF HEFLIN.

### 7 Div. 205.

Court of Appeals of Alabama.

Feb. 4, 1936.

165 So. 788

## ALLDAY, Sheriff, v. COOLEY.

### 1 Div. 241.

Court of Appeals of Alabama.

Feb. 4, 1936.

Merrill, Jones & Whiteside, of Anniston, for appellant.

P. J. Merrill, of Heflin, for appellee.

RICE, Judge.

Appellant, under a proper "reference ordinance," was placed on trial for what was in effect a violation of the terms of Code 1923, § 3883.

This court has already, and recently, enumerated (if indeed an enumeration was necessary, in view of the plain terms of the statute), the things that must be indicated by the testimony before a conviction may be had on such a charge. See Pettus v. State, 26 Ala.App. 347, 159 So. 502.

We find an essential number of those things "missing" from the testimony in this case. Appellant may have been (on the stated occasion) drunk or sick—or both! His own statement that he had had "two drinks of whiskey plus a chew of homemade tobacco" would lead even this court to the conclusion that he was. But we find an entire absence of any testimony that he was guilty of any of the things pointed out in the opinion in the Pettus Case, supra, which must be shown to have existed in conjunction with the drunkenness, before he would be guilty of a violation of the terms of the statute cited.

The general affirmative charge to find in his favor should have been given to the jury at his request, which was properly made. For the error in its refusal, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.