169 So. 330

### ATKINS v. STATE.

### 8 Div. 353.

Court of Appeals of Alabama.

June 9, 1936.

Rehearing Denied June 30, 1936.

William Stell, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The points of decision involved on this appeal have but recently been definitely decided by this court in the cases of Pettus v. State, 26 Ala.App. 347, 159 So. 502, and Ingram v. Town of Heflin, ante, p. 44, 165 So. 600.

■ Inferior courts are bound by the decisions of the appellate courts of this state and should keep informed as to these decisions. Had this been done in the case at bar the labor expense and time involved would have been avoided.

■ Under the evidence in this case, the state failed to meet the necessary burden of proof, and the trial court should have so held. The following excerpt from the opinion in the Pettus Case, supra, is particularly analogous and controlling:

"Under the specific terms of the foregoing statute, in order to sustain a conviction for its violation, the state is under the burden of showing by the proper measure of proof (1) that the person accused, at the time complained of, was intoxicated or drunk; (2) that, while so intoxicated or drunk, he appeared at a public place where one or more persons are present (or at or within the curtilage of any private residence, not his own, where one or more persons are present), and (3) manifested a drunken condition; (4) by boisterous or indecent conduct, or loud and profane discourse.

"Certainly it is not commendable for a person to become intoxicated or drunk. But, if a person should do so, and while in such condition appear in either of the forbidden places designated in the statute, supra, it would be no offense under said statute, unless such person manifested his drunken condition by boisterous or indecent conduct, or loud and profane discourse as the statute specifically prescribes. A mere 'staggering' by the accused would not suffice; and in the instant case it appears from the only legal evidence adduced upon the trial that this appellant only 'staggered' at the time and place in question."

■ As no legal conviction can be had upon the evidence in this case, the judgment of conviction from which this ap-

peal was taken is reversed and held for naught, and a judgment here rendered discharging appellant from further custody in this proceeding. Code 1923, § 3258.

Reversed and rendered.