17 So.2d 427

### MARTIN v. STATE.

### 4 Div. 805.

Court of Appeals of Alabama.

Jan. 18, 1944.

Rehearing Granted March 21, 1944.

W. Perry Calhoun, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Appellant was convicted of being drunk on a public highway, and appeals. Officers of the law arrested him at his home and took him onto the highway, where he allegedly committed the proscribed acts, viz., manifested a drunken condition by using loud and profane language.

The pertinent provisions of our statute are: "Any person who, while intoxicated or drunk, appears in any public place where one or more persons are present, * * * and manifests a drunken condition by boisterous or indecent conduct, or loud and profane discourse, shall, on conviction, be fined", etc. Code 1940, Title 14, Section 120.

Under the plain terms of this statute, a voluntary appearance is presupposed. The rule has been declared, and we think it sound, that an accusation of drunkenness in a designated public place cannot be established by proof that the accused, while in an intoxicated condition, was involuntarily and forcibly carried to that place by the arresting officer. Thomas v. State, 33 Ga. 134, 125 S.E. 778; Reddick v. State, 35 Ga. 256, 132 S.E. 645; Gunn v. State, 37 Ga. 333, 140 S.E. 524; 28 C.J.S., Drunkards, § 14, p. 560.

Conviction of appellant was contrary to this announced principle and, in our view, erroneous. It appears that no legal conviction can be sustained under the evidence, so, consonant with the prevailing rule, the judgment of the trial court is reversed and one here rendered discharging appellant. Code 1940, Title 7, Section 260; Robison v. State, 30 Ala.App. 12, 200 So. 626; Atkins v. State, 27 Ala.App. 212, 169 So. 330.

Of consequence, our original opinion of affirmance was likewise laid in error. It is therefore withdrawn.

Reversed and rendered.