39 So.2d 43

### HUCKABEE v. STATE.

7 Div. 965.

Court of Appeals of Alabama.

Feb. 22, 1949.

J. A. Johnson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The complaint in this case charged the defendant with the offense of public drunkenness. The complaint was in words and figures as follows:

"Before me A. Luty Campbell, Clerk of the DeKalb County Court of said County, personally appeared W. R. Evans who, being duly sworn, deposes and says that he has probable cause for believing and does believe, that within twelve months before making this affidavit, and in said county Truman Huckabee, whose name to affiant is otherwise unknown than as stated,

while intoxicated or drunk, appeared in a public place, where one or more persons were present, and manifested a drunken condition by boisterous or indecent conduct or loud and profane discourse, against the peace and dignity of the State of Alabama."

Under the specific charge in the foregoing complaint, in order to sustain a conviction, the State was under the burden to show, by the proper measure of proof, that is, beyond a reasonable doubt and to a moral certainty, that at the time and place in question, the defendant was intoxicated or drunk and that while so intoxicated or drunk, he appeared at a public place where one or more persons were present and manifested a drunken condition by boisterous or indecent conduct, or loud and profane discourse.

The state, or condition of being intoxicated or drunk, may be, and usually is, of a continuous nature, and for some length of time ordinarily; but, as stated above, in order to bring himself within the inhibition of the terms and provision of the Statute (Title 14, Section 120, Code of Alabama 1940) a person intoxicated or drunk must manifest such · condition by boisterous or indecent conduct, or loud and profane discourse and in a public place where one or more persons were present. Pettus v. State, 26 Ala.App. 347, 159 So. 502.

The accusation in the instant case is confined to this specific charge. The commission of such offense is not what is termed a continuing offense. Each of such acts is separate and distinct, and if during the period of such state of intoxication or drunkenness a person commits more than one offense as defined, he may be called upon to answer as to each such offense, and this is specially true where it affirmatively appears that an appreciable length of time had elapsed between the commission of the offenses and certainly so where it appears that the offenses were committed two miles distant from each other.

The case at bar was tried by the judge of the county court without the intervention of a jury. It appears the trial

was conducted in a very cursory manner. At no time pending the trial did the State make any effort to prove that the defendant was intoxicated or drunk. No question was propounded to either of the three State witnesses as to this. The voluntary statement of the woman witness "could tell he was drunk" was the mere conclusion of the witness, and insufficient to meet the required burden of proof. The same applies to the important and essential element of the offense that the purported acts complained of were committed in a public place, etc. On this question the proof was vague and uncertain, and left to mere inference.

The trial of this case in the court below was replete with error. Under the evidence the defendant was entitled to his discharge, and the court was in error in refusing to do so.

No necessity appears to discuss other insistences of error presented.

The judgment of conviction from which this appeal was taken is reversed and a judgment here rendered in favor of defendant discharging him from further custody in this proceeding.

Reversed and rendered.