This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant John M. Perry appeals from his conviction in the Akron Municipal Court. We affirm in part and reverse in part.
On March 4, 1998, Mr. Perry and his wife, Linda Perry, were engaged in an argument at their residence. Their residence was in the upstairs unit of a two-unit apartment building at 625 Hazel Street in Akron. During the course of the argument, Mr. Perry grabbed Mrs. Perry's arm and otherwise touched her. Mrs. Perry then exited the residence and called the police.
Officers Stephen A. Sabol and James A. Anthony of the Akron Police Department were dispatched by radio to meet Mrs. Perry at a gasoline station on Market Street. After arriving, the officers spoke with Mrs. Perry about the incident and summoned an EMS squad to examine her. The EMS personnel examined Mrs. Perry and determined that she was not in need of medical treatment. Mrs. Perry then decided to return home. The officers proceeded to the Perry residence separately, as they wished to assure themselves that Mrs. Perry would be all right.
While the officers were en route to the Perry residence, they received a dispatch to that address based on a complaint by the Perrys' downstairs neighbor, Mr. Sitosky. Upon arriving at the Perry residence, the officers first spoke with Mr. Sitosky. Meanwhile, Mrs. Perry had also returned home to find her husband brandishing a knife. Mr. Perry apparently thought that she was Mr. Sitosky, whom Mr. Perry despised.
After speaking with Mr. Sitosky, the officers began to climb the rear stairs to the apartment building, which accessed the Perrys' apartment. The officers heard a male yelling from the top of the stairs. Upon reaching the top of the stairs, the officers also heard a female voice. The officers could hear threats but could not see into the apartment, as a blanket was hung over the doorway. Officer Sabol proceeded to push the blanket aside and saw Mrs. Perry within the apartment. As he entered the apartment, Officer Sabol observed Mr. Perry who was holding a knife. To protect Mrs. Perry, Officer Sabol then moved in between Mr. and Mrs. Perry, drawing his service weapon in the process. Officer Sabol pointed his weapon at Mr. Perry and ordered him to drop the knife. A scuffle ensued when Officer Anthony entered the apartment and Mr. Perry turned toward him, giving Officer Sabol an opportunity to grab Mr. Perry and gain control of the knife. Mr. Perry dropped the knife after twenty to thirty seconds.
Mr. Perry was then placed under arrest. Both officers handcuffed Mr. Perry, who resisted briefly by kicking and rolling about. Mr. Perry's intoxication was evident to the officers due to his slurred speech and the smell of liquor on his breath. As Mr. Perry loudly protested, the officers took him down the back stairs from the Perry residence to their waiting patrol car. Mr. Perry stumbled the entire distance, falling repeatedly. The officers each held up one of Mr. Perry's arms, supporting him, to transport him to the patrol car.
Mr. Perry was charged with one count of domestic violence, in violation of R.C. 2919.25(C), two counts of aggravated menacing, in violation of R.C. 2903.21 (A), one count of disorderly conduct, in violation of R.C. 2917.11(A)(1), and one count of disorderly conduct, in violation of R.C. 2917.11(B)(1). At trial, one count of aggravated menacing was dismissed. Mr. Perry was found guilty of the four remaining charges on April 15, 1998, and sentenced accordingly. This appeal followed.
Mr. Perry asserts one assignment of error:
 THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO ESTABLISH PROOF OF GUILT BEYOND A REASONABLE DOUBT AS TO THE ELEMENTS OF MENS REA ON COUNTS ONE, THREE, AND FOUR, AND AS TO THE ELEMENT OF BEING VOLUNTARILY INTOXICATED IN A PUBLIC PLACE OR IN THE PRESENCE OF TWO OR MORE PERSONS ON COUNT FIVE. THEREFORE, THE CONVICTIONS VIOLATE APPELLANT PERRY'S DUE PROCESS RIGHT UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 A. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO CONVICT MR. PERRY OF DOMESTIC VIOLENCE UNDER COUNT ONE BECAUSE THE EVIDENCE PRESENTED DID NOT SHOW THAT APPELLANT PERRY KNOWINGLY CAUSED OR ATTEMPT [sic] TO CAUSE PHYSICAL HARM TO A FAMILY OR HOUSEHOLD MEMBER.
 B. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO CONVICT MR. PERRY OF AGGRAVATED MENACING UNDER COUNT THREE BECAUSE THE EVIDENCE PRESENTED DID NOT SHOW THAT APPELLANT PERRY KNOWINGLY CAUSED OFFICER SABOL TO BELIEVE THAT APPELLANT PERRY WOULD CAUSE SERIOUS PHYSICAL HARM TO THE PERSON OR PROPERTY OF OFFICER SABOL.
 C. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO CONVICT MR. PERRY OF DISORDERLY CONDUCT UNDER COUNT FOUR BECAUSE THE EVIDENCE PRESENTED DID NOT SHOW THAT APPELLANT PERRY RECKLESSLY CAUSED INCONVENIENCE, ANNOYANCE, OR ALARM TO ANOTHER, BY ENGAGING IN FIGHTING, OR THREATENING HARM TO PERSONS OR PROPERTY, OR IN VIOLENT OR TURBULENT BEHAVIOR.
 D. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO CONVICT MR. PERRY OF DISORDERLY CONDUCT UNDER COUNT FIVE BECAUSE THE EVIDENCE PRESENTED DID NOT SHOW THAT APPELLANT PERRY, WHILE VOLUNTARILY INTOXICATED, WAS IN A PUBLIC PLACE OR IN THE PRESENCE OF TWO OR MORE PERSONS.
We will discuss each subpart of Mr. Perry's assignment of error in turn. Our inquiry on appeal
 is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307, 61 L.Ed.2d 560.
 Mr. Perry first asserts that the evidence was insufficient to convict him of domestic violence because the prosecution did not show that he acted knowingly. R.C. 2919.25(C) states that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." A mental state of knowing is present where one "is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). After thoroughly reviewing the record, we find that a rational trier of fact could have found the required mental state to be present from the testimony presented. Mr. Perry's brandishing of a knife during the argument with his wife and her testimony regarding her resultant fear and reaction provided the trier of fact with evidence sufficient to find that the required mental state was present.
Aggravated menacing also requires a knowing mental state. R.C. 2903.21(A). Mr. Perry asserts that the evidence was insufficient to establish that he knowingly caused Officer Sabol to believe that serious physical harm would be done to the officer's person or property. The testimony showed that Mr. Perry was brandishing a knife and refused to drop it after Officer Sabol ordered him to do so. We conclude that there was ample evidence for the trier of fact to determine that Mr. Perry had the requisite mental state. See, generally, Dayton v. Dunnigan
(1995), 103 Ohio App.3d 67, 72. Furthermore, Officer Sabol testified that he felt that Mr. Perry might harm "somebody." The trier of fact may rationally have found that Officer Sabol considered himself in danger.
Mr. Perry also challenges his conviction of disorderly conduct, in violation of R.C. 2917.11(A). He claims that the evidence was insufficient to establish that he recklessly caused annoyance, alarm, or inconvenience to another by engaging in fighting or threatening persons or property, or in violent or turbulent behavior, which is required by R.C. 2917.11(A)(1). Mr. Perry, during an argument with his wife, brandished a knife and made loud threats. He did not desist when the officers entered. The testimony of Mrs. Perry and Officers Sabol and Anthony, viewed in a light most favorable to the prosecution, provides ample basis for the trier of fact to find the challenged elements of disorderly conduct present.
Finally, Mr. Perry challenges the sufficiency of the evidence on which he was convicted of disorderly conduct, in violation of R.C. 2917.11(B)(1). We find this challenge to be well based and reverse his conviction due to lack of evidence on one element of the charge. Disorderly conduct under R.C. 2917.11(B)(1) requires that
 [n]o person, while voluntarily intoxicated, shall do * * * the following:
 (1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others[.]
Mr. Perry asserts that he was not voluntarily present in a public place, which is one of the elements of this crime. The evidence presented at trial shows only that Mr. Perry was forcibly removed from his home to the waiting patrol car. Furthermore, the State argues that Mr. Perry violated the statute while being transported to the patrol car under the officers' custody.[1]
We conclude that one's voluntary presence in a public place is presumed under the statutory provision, as it requires that defendant "shall do." Id. Furthermore, Mr. Perry was "acting under police orders, and could not be held responsible for his presence [in a public place]." Hamilton v. Collier (1975),44 Ohio App.2d 419, 421, citing Brown v. State (Ala.App. 1955),82 So.2d 806. See, also, Martin v. State (Ala.App. 1944),17 So.2d 427, 427 (stating "that an accusation of drunkenness in a designated public place cannot be established by proof that the accused, while in an intoxicated condition, was involuntarily and forcibly carried to that place by the arresting officer"). Hence, as no evidence was presented that Mr. Perry was voluntarily in a public place when the outbursts occurred, the prosecution failed to establish all the elements of the crime of disorderly conduct while intoxicated. No rational trier of fact could have found that all the essential elements of disorderly conduct while intoxicated were present. This portion of Mr. Perry's assignment of error is well taken.
We reverse Mr. Perry's conviction on count five, disorderly conduct under R.C. 2917.11(B)(1), and overrule the remainder of Mr. Perry's assignment of error. The judgment of the Akron Municipal Court is affirmed in part and reversed in part.
Judgment affirmed in part, and reversed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, J.
WHITMORE, J.
CONCUR
[1] The State does not assert that Mr. Perry was "in the presence of two or more persons." R.C. 2917.11(B)(1). Therefore, we will not address that issue.