**STATE of Missouri, Respondent,**

v.

**Ian Richard WINSOR, Appellant.**

**No. WD 61956.**

Missouri Court of Appeals,
Western District.

July 29, 2003.

Daniel R. Green, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, III, Dora A. Fichter, Jefferson City, for respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Ian Winsor (Appellant) appeals his conviction following a bench trial for possession of a controlled substance on county jail premises under section 221.111, RSMo 2000, and suspended execution of sentence. Appellant was sentenced to three years imprisonment in the Missouri Department of Corrections. The court suspended execution of his sentence and placed him on five years of probation. The case was tried before the trial court on stipulated facts. Appellant raises one point on appeal. He claims that the trial court erred in convicting him under section 221.111 because the evidence, which consisted solely of stipulated facts, was insufficient to support a conviction in that Appellant was not voluntarily taken to the county jail and, thus, his act of possessing a controlled substance on county jail premises was not voluntary under section 562.011, RSMo 2000. The judgment of the trial court is affirmed.

## Factual and Procedural Background

Appellant was charged with one count of the Class C felony of possession of a controlled substance on the premises of a county jail. He waived his right to jury trial, and the case was tried before a judge on August 15, 2002. The parties filed a joint stipulation of facts and submitted the case solely on the basis of these facts without presenting any additional evidence at trial.

Appellant operated a small blue automobile on December 3, 2001, on Nichols Street in Fulton, Missouri. He was driving southbound, the wrong direction, on Nichols Street, a one-way street for northbound traffic only. Sgt. K.J. Heather, a Fulton City Police Officer, observed Appellant around 8:15 p.m. on that date driving the wrong way down the street and stopped Appellant on Fifth Street in front of the Callaway County Courthouse. He ran a background check on Appellant via the Missouri Uniform Law Enforcement System ("MULES"), a computerized database of law enforcement information and discovered that Appellant had two outstanding warrants issued in Cole County, Missouri. The warrants were for possession of a controlled substance and violation of probation. Sgt. Heather placed Appellant under arrest on the two warrants.

Sgt. Heather searched Appellant's person and discovered a cigarette package in his sweatshirt pocket. The cigarette package contained two partially burned marijuana cigarettes. Sgt. Heather then searched the cabin of the vehicle that Appellant was driving and discovered a small red pipe on the floorboard in front of the driver's seat. He transported Appellant to the Fulton Police Department for processing prior to incarceration at the Callaway County Jail.

While at the Fulton City Police Department, Sgt. Heather asked Appellant if he had anything else on him that Sgt. Heather had not located during his search. He also advised Appellant that if he took any drugs into the jail it would constitute a felony. Appellant remained silent as to Sgt. Heather's advice to him about taking controlled substances into the jail. Officer W. Ladwig of the Fulton Police Department transported Appellant from the Fulton Police Department to the Callaway County Jail. On December 3, 2001, at approximately 9:20 p.m., Officer Ladwig arrived at the Callaway County Jail with Appellant in his custody for commitment to the custody of Callaway County Jail authorities on the outstanding warrants from Cole County and new charges of misdemeanor possession of marijuana and possession of drug paraphernalia. During Appellant's transportation from the Fulton Police Department to the Callaway County Jail, he was in the lawful custody of Officer Ladwig and was neither free to leave nor to disregard Officer Ladwig's direction as to where he should go and where he should remain. Upon arrival at the jail, Officer Ladwig instructed Appellant to enter the jail.

At the jail, Correction Officer Chris Chaney searched Appellant as part of the admission booking process and discovered a "baggie" containing a green leafy substance in the waistband of Appellant's shorts. Correction Officer Chaney advised Police Officer Ladwig of his discovery and handed the baggie of green leafy plant material to Officer Ladwig. A proper chain of custody of the substance was maintained and documented by law enforcement authorities. The substance was analyzed by laboratory personnel of the Missouri Highway Patrol, using established and recognized procedures, to be marijuana. The parties stipulate that the green leafy plant material seized from Appellant on December 3, 2001, was marijuana.

The trial court found Appellant guilty of possession of controlled substance on the premises of the Callaway County Jail. The court sentenced Appellant to three years in the Department of Corrections but suspended execution of sentence and placed him on five years probation. This appeal followed.

Appellant raises one point on appeal. He claims that the trial court erred in convicting him under section 221.111, RSMo 2000, because the evidence which

consisted solely of stipulated facts was insufficient to support a conviction in that there was no evidence that Appellant's conduct in possessing the marijuana found in the waistband of his shorts on the premises of the county jail was a voluntary act as defined under section 562.011, RSMo 2000.

## Standard of Review

Appellant claims that the evidence was insufficient to support his conviction. The standard of review of sufficiency of the evidence is the same in a court-tried criminal case as in a jury-tried case. *State v. Rehberg,* 919 S.W.2d 543, 552 (Mo.App. W.D.1995) (citing *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992)). When reviewing a challenge to the sufficiency of the evidence, appellate courts accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence. *State v. Crawford,* 68 S.W.3d 406, 407–08 (Mo. banc 2002) (citing *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993)). All evidence and inferences to the contrary are disregarded. *Id.* at 408. Appellate review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there was sufficient evidence from which a reasonable juror might have found Appellant guilty beyond a reasonable doubt. *Id.* (citing *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989)). It is not the function of the reviewing court to reweigh the evidence. *State v. Martin,* 940 S.W.2d 6, 8 (Mo.App. W.D.1997) (citing *State v. Williams,* 623 S.W.2d 552, 553 (Mo.1981)). Rather, it is to determine whether the conviction is supported by sufficient evidence. *Id.*

## Whether Appellant's Conviction is Supported by Sufficient Evidence

In his only point on appeal, Appellant claims that the trial court erred in convicting him of possession of a controlled substance on county jail premises under section 221.111.1(1), RSMo 2000, because insufficient evidence was presented from which a reasonable fact-finder could conclude that he voluntarily possessed the marijuana found in the waistband of his shorts in that he was involuntarily delivered to the jail premises. He claims that his conduct in possessing a controlled substance did not constitute a voluntary act under section 562.011, RSMo 2000, because he was brought to the jail against his will by the arresting officer. Appellant asserts that under section 562.036, RSMo 2000, he is not guilty of the offense for which he was charged because he lacked the required culpable mental state. He contends that his presence on the county jail premises was involuntary, thereby negating section 562.036's requirement that the offense for which he was charged be committed by his own conduct. Appellant contends that it was not his conduct that resulted in his presence on the county jail premises, and, therefore, insufficient evidence exists to support his conviction.

Appellant was charged with and convicted of possession of a controlled substance on the premises of a county jail. Section 221.111.1 governs that offense and provides, in pertinent part:

1. No person shall knowingly deliver, attempt to deliver, have in his possession, deposit or conceal in or about the premises of any county jail or other county correctional facility:

(1) Any controlled substance as that term is defined by law, except upon the written prescription of a licensed physician, dentist, or veterinarian;

Under section 562.011.1, RSMo 2000, "a person is not guilty of an offense unless his

liability is based on conduct which includes a voluntary act." A voluntary act is defined by section 562.011 as:

2. A "voluntary act" is

(1) A bodily movement performed while conscious as a result of effort or determination; or

(2) An omission to perform an act of which the actor is physically capable.

3. Possession is a voluntary act if the possessor knowingly procures or receives the thing possessed, or having acquired control of it was aware of his control for a sufficient time to have enabled him to dispose of it or terminate his control.

Appellant claims that possession of a controlled substance is inadequate, by itself, to satisfy the elements of the offense. He contends that not only must he have voluntarily possessed marijuana while located on the county jail premises but that he must also have voluntarily been on the county jail's premises. Appellant asserts that his possession of marijuana on county jail premises does not constitute a voluntary act because he was taken onto the county jail's premises against his will. Thus, he claims that a crucial element of the offense is lacking. Appellant provides three grounds for claiming that a necessary element of the offense for which he was charged includes his voluntary presence on the Callaway County Jail's premises.

A paucity of applicable case law addressing the issue of a voluntary act exists in Missouri. Appellant cites *Martin v. State*, 31 Ala.App. 334, 17 So.2d 427 (1944), as support for his first ground, that the voluntary presence on the county jail premises of the person charged is a crucial element of the crime for which he stands convicted. In *Martin*, the defendant was drinking in his home when police officers seized him, transported him to a public highway and arrested him for public drunkenness. *Id.* at 427. He was later convicted for public drunkenness. *Id.* The statute defining public drunkenness punished "[a]ny person who intoxicated or drunk ... appears in any public place ... and manifests a drunken condition." *Id.* The Alabama Court of Appeals reversed the conviction because the defendant's presence on the public highway was involuntary. *Id.* Although reversal was appropriate in *Martin*, it is not appropriate in this case because the voluntary presence of Appellant on county jail premises was not an element of the offense. *Accord United States v. Coleman*, 475 F.Supp. 422, 423–24 (E.D.Pa.1979) (rejecting defendant's claim that his voluntary presence on federal property when he committed the offense of assault was a requisite element of the offense of assault). Rather, Appellant was convicted for his voluntary conduct of possessing a controlled substance in or about the county jail. Appellant's willful possession of a controlled substance itself constitutes the requisite voluntary act. His secreting the substance in or about the county jail, regardless of whether he was present voluntarily, satisfies evidentiary requirements to support the conviction.

As his second ground supporting his argument that his voluntary presence on the county jail's premises was required, Appellant relies on section 562.036, RSMo 2000. Section 562.036 provides "[a] person with the required culpable mental state is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is criminally responsible or both." Appellant claims that it was not his own conduct that resulted in his presence on the county jail's premises but the arresting officer's conduct in transporting him there. This argument lacks merit be-

cause, as noted above, the offense for which Appellant was charged does not require Appellant's voluntary presence on the premises. The statute only requires his voluntary possession of a controlled substance while in or about the county jail.

For his third and final ground in support of his claim that his possession of a controlled substance on county jail premises was not a voluntary act because he was transported to the county jail against his will, Appellant relies on section 562.011.2, RSMo 2000. He claims that section 562.011.2 requires a voluntary act of bodily movement or omission to perform an act. Appellant contends that the statute mandates a voluntary presence at the county jail before he can be convicted under section 221.111. His argument is unavailing. Appellant misconstrues the term "voluntary act" as it applies to the offense of possession of a controlled substance in or about county jail premises. Section 221.111.1(1) prohibits the voluntary act of possessing a controlled substance in or about county jail premises not the act of being involuntarily present on the premises.

■ Not only does Appellant misconstrue the application of "voluntary act" to the offense charged in this case, but he also applies the wrong definition. Appellant's act of possessing a controlled substance on county jail premises was a voluntary act because he "[had] acquired control of it [and] was aware of his control for a sufficient time to have enabled him to dispose of it or terminate his control." § 562.011.3, RSMo 2000. Appellant argues that subsection two of section 562.011 governs whether his possession of marijuana was a voluntary act. The Legislature's intent in enacting subsection three of section 562.011 is expressed in the Comment to the 1973 Proposed Code and states:

Subsection 3 provides that possession can be sufficient as a voluntary act. This is needed since possession is not necessarily a bodily movement nor an omission.

To adhere to Appellant's argument would not give effect to the Legislature's intent in enacting subsection three of the statute. "[E]very word, clause, sentence, and provision of a statute must have effect.... [I]t will be presumed that the legislature did not insert idle verbiage or superfluous language in a statute." *Civil Serv. Comm'n of City of St. Louis v. Members of Bd. of Aldermen of City of St. Louis,* 92 S.W.3d 785, 788 (Mo. banc 2003) (quoting *Hyde Park Hous. P'ship v. Dir. of Revenue,* 850 S.W.2d 82, 84 (Mo. banc 1993)). Because subsection three specifically relates to possession, it governs whether Appellant's conduct in this case constituted a voluntary act.

■ Whether Appellant's presence on the county jail's premises was voluntary or against his will is irrelevant for purposes of determining whether he committed the offense. To adopt the interpretation of this statute suggested by Appellant would prevent the arrest and conviction of inmates for crimes committed on the jail premises because inmates are not voluntarily present at the jail. "Construction of statutes should avoid unreasonable or absurd results." *Murray v. Mo. Highway & Transp. Comm'n,* 37 S.W.3d 228, 233 (Mo. banc 2001) (citing *Taylor v. McNeal,* 523 S.W.2d 148, 152 (Mo.App.1975)). Appellant's proposed reading of the statute would lead to an absurd result and render section 221.111.1(1) meaningless. "[T]he legislature is not presumed to have intended a meaningless act." *Id.* (citing *City of Willow Springs v. Mo. State Librarian,* 596 S.W.2d 441, 444 (Mo. banc 1980)). For that reason, Appellant's interpretation of the statute is not adopted.

The evidence in this case was sufficient to establish that Appellant's possession of a controlled substance on the premises of the Callaway County Jail was a voluntary act. Appellant concedes that he voluntarily possessed marijuana on the premises of a county jail. The record reflects, moreover, that the parties stipulated to the fact that the "green leafy plant material seized from Appellant on December 3, 2001, was marijuana." The arresting officer asked Appellant if he had any other controlled substances on his person and informed him that bringing a controlled substance onto the premises of the county jail constituted a felony. Once he was apprised of this fact, Appellant had sufficient time to dispose of or terminate his control over the controlled substance. § 562.011.3, RSMo 2000. From the time that Appellant was arrested at 8:15 p.m. to the time he was transported to the Callaway County Jail at 9:20 p.m., he could have relinquished his possession of the controlled substance.[1] He chose not to surrender control of the marijuana. Appellant's decision to enter the premises of the Callaway County Jail with a controlled substance on his person was a voluntary act. To accept Appellant's position that his voluntary act of possessing a controlled substance is somehow negated by the fact that he was involuntarily on the county jail's premises would render section 221.111.1(1) meaningless.

A reasonable fact-finder could find on the basis of the evidence presented that Appellant willfully possessed a controlled substance in or about the county jail. § 562.011.3, RSMo 2000. For that reason, Appellant's sole point on appeal is denied.

The judgment of the trial court is affirmed.

All concur.

---

1. Section 562.011.3, RSMo 2000, does not define the phrase "sufficient time." Although not central to the decision in this case, in interpreting a statute, the plain and ordinary meaning of the words is considered. *Wheeler v. Bd. of Police Comm'rs of Kansas City*, 918 S.W.2d 800, 803 (Mo.App. W.D.1996). When a statute does not define a term, the plain and ordinary meaning of the word is applied. § 1.090, RSMo 2000. The plain and ordinary meaning of a word is derived from the dictionary. *Martinez v. State*, 24 S.W.3d 10, 16 (Mo.App. E.D.2000) (citation omitted). Sufficient is defined as "[a]dequate, enough...." BLACK's LAW DICTIONARY 1433 (6th ed.1990). An hour and five minutes transpired between the time Appellant was arrested and the time that he was transported to the Callaway County Jail. This is a sufficient amount of time in which Appellant could have disposed of or terminated his control over the marijuana.