Kelly, C.J.
(dissenting). I would grant leave to appeal to consider the scoring of offense variable (OV) 19. Defendant was brought to the police station as part of a police ruse. The officers told defendant that he could recover some money that had been seized during a traffic stop if he came to the station. When he arrived, he was arrested and sent to the jail for booking. During a strip search at the jail, officers found 47 grams of crack cocaine and numerous packets of heroin in his underwear.
Clearly, defendant should not have been in possession of illegal drugs and should not have taken them to the police station. But his purpose in going there was not to deal drugs. He could hardly be said to have intended to engage in conduct that “threatened the security of a penal institution.”[1] If his behavior can be said to have been a threat, regardless of defendant’s intent, it must be conceded that the threat existed only because of a police subterfuge.[2] I believe this crucial fact could make defendant’s conduct an insufficient basis for the scoring of OV 19 here.
Justice Young observes that defendant could have avoided having his sentence increased by telling the officers that he carried prohibited substances on his person when he was arrested at the station. He points out that it was defendant’s choice to bring the drugs into the county jail. However, defendant chose not to reveal the drugs, presumably because he wished not to be charged for possession with intent to deliver prohibited substances in addition to his other crimes. It seems unlikely that he chose to conceal the drugs because he intended to “threaten the security of a penal institution.”
Ibelieve that scoring points for OV 19 may require that a defendant intend to threaten the security of a penal institution. Caselaw from our sister states supports the conclusion that intent is necessary for a defendant to be liable for conduct of this sort.[3] Courts in some other jurisdictions have come to contrary conclusions.[4] Moreover, this issue is *1074 currently before the supreme courts of Washington and California.[5] Clearly, the issue is of jurisprudential significance and this Court should not summarily dismiss it.
Courts in other jurisdictions have disagreed over whether a defendant’s culpability is affected by the defendant’s failure to reveal the existence of contraband on his or her person before booking.[6] This was the basis for the trial court’s scoring of OV 19 and is the key argument advanced by Justice Young’s concurrence. My conclusion that further review of this issue is warranted is supported by these varying outcomes under similar circumstances.
The Washington Court of Appeals recently addressed this issue in the same sentencing enhancement context at issue in this case. In State v Eaton,[7] the defendant was arrested for driving while under the influence (DUI) and transported to the county jail. During a search of his person, an officer discovered methamphetamine. Defendant was charged with one count of DUI and one count of possession of a controlled substance. The state sought a sentencing enhancement under RCW 9.94A.533(5)(c), which allows a court to add 12 months to a defendant’s-sentence if the offense was committed “while in a county jail or state correctional facility.” Although defendant objected to the sentencing enhancement, the trial court increased defendant’s sentence from 0 to 6 months to 12 to 18 months.
The Washington Court of Appeals reversed. The court first noted that “this sentence enhancement is not a separate sentence or a separate substantive crime.... Rather, it presupposes that the defendant’s behavior already constitutes a crime, such as possession of a controlled substance.”[8] Nevertheless, the court ultimately determined that the *1075 legislature “did not intend the unlikely, absurd, or strained consequence of punishing a defendant for his involuntary act.”[9]
The argument accepted by the court in Eaton is even more persuasive in the context of OV 19. Many of the statutes in Eaton and the other cited cases explicitly did not contain an intent requirement. The courts reversed the convictions because they considered the requirement that conduct be volitional as part of the actus reus of the crime. Even if one rejects that argument, here OV 19 arguably does include an intent requirement because of the Legislature’s use of the word “threatened.” Black’s Law Dictionary’s definition of “threat” includes the element of the intention to cause loss or harm to something.[10] In my mind, the use of this language makes defendant’s argument more persuasive and worthy of further review. I would have no difficulty with the scoring of OV 19 in this case if the OV provided extra points for trying to avoid having drugs being detected during a booking, or, as Justice Young suggests, simply for “stupidity.” But it does neither. I think the assessment of 25 points here may have lengthened defendant’s sentence for conduct not covered by OV 19.[11]
Hence, I would grant leave to appeal to consider the scoring of OV 19.

 MCL 777.49(a).

 In his concurring statement, Justice Young agrees that the police conduct in this case was a “ruse” to get defendant to the police station.

 State v Cole, 142 NM 325 (2007); State v Sowry, 155 Ohio App 3d 742 (2004); State v Tippetts, 180 Or App 350 (2002).

 State v Carr, 2008 WL 4368240 * 5 (Tenn Crim App, 2008); State v Winsor, 110 SW3d 882, 886-888 (Mo App, 2003); Brown v State, 89 SW3d *1074 630, 633 (Tex Crim App, 2002); State v Canos, 697 NW2d 488, 496-497 (Iowa, 1999), abrogated in part on other grounds by State v Turner, 630 NW2d 601, 606 n 2 (Iowa, 2001).

 State v Eaton, 143 Wash App 155 (2008), review granted 164 Wash 2d 1013 (2008); People v Gastello, 57 Cal Rptr 3d 293 (2007), review granted and opinion superseded by People v Gastello, 61 Cal Rptr 3d 1 (2007).

 Compare Cole, supra at 328 (“It is of no moment... that Defendant could have avoided the charge of bringing contraband into a jail by admitting to the booking officer that he possessed marijuana. The dispositive issue is that Defendant cannot be held hable for bringing contraband into a jail when he did not do so voluntarily.”) with Canos, supra at 496 (upholding defendant’s conviction after noting that the defendant “had the option of disclosing the presence of the drugs concealed on his person before he entered the jail and became guilty of the additional offense of introducing controlled substances into a detention facility”).

 State v Eaton, supra.

 Eaton, supra at 160.

 Id. at 164. In reaching this conclusion, the court observed that even with crimes and sentence enhancements with no mens rea requirement “[tjhere is a certain minimal mental element required in order to establish the actus reus itself. This is the element of volition.” Id. at 160 (quoting State v Utter, 4 Wash App 137 [1971]). Requiring a voluntary action to impose criminal liability finds support in LaFave, Substantive Criminal Law, § 6.1(c), pp 425-426 (2d ed).

 Black’s Law Dictionary (8th ed) defines “threat” as “[a] communicated intent to inflict harm or loss on another or on another’s property . . . .”

 It seems I should be entitled to this and similar conclusions without being accused of holding “an unusual perspective of criminal law and criminality in general,” especially given the divergent outcomes on the issue in other states.