PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton, S.J.

DEENA ANNE ESTEBAN

v.   Record No. 022524

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON
October 31, 2003

FROM THE COURT OF APPEALS OF VIRGINIA

The dispositive question in this criminal appeal is whether the statute proscribing possession of a firearm on school property is one of strict criminal liability, or whether proof of mens rea or scienter is required to support a conviction for its violation.

Code § 18.2-308.1(B), as pertinent here, provides that "[i]f any person possesses any firearm designed or intended to expel a projectile . . . while such person is upon . . . any public . . . elementary . . . school, including buildings and grounds, . . . he shall be guilty of a Class 6 felony."

Indicted by a grand jury in Prince William County for violation of the foregoing statute, defendant Deena Anne Esteban was tried by a jury in October 2000.  During the trial, the court refused to grant an instruction tendered by the defendant requiring the Commonwealth to prove mens rea or scienter.  The court ruled "that this is a strict liability crime."  The defendant was found guilty and sentenced to a suspended term of incarceration plus a fine.

Upon review, a panel of the Court of Appeals of Virginia, one judge dissenting, affirmed the conviction in an unpublished order and opinion. Esteban v. Commonwealth, Record No. 0028-01-4 (August 27, 2002). The Court of Appeals stated: "Assuming, but not deciding, that a mens rea instruction regarding whether Esteban knowingly possessed the firearm should have been given, we find any error in the trial court's failure to [so] instruct the jury to be harmless."

We awarded the defendant this appeal limited to consideration of the harmless error issue and to the claim that the Court of Appeals erred "in not holding that mens rea is an element of Code § 18.2-308.1[(B)]." In the view we take of the case, the only issue we need discuss is the mens rea question.

The facts are uncomplicated. In our summary, when there are conflicting facts, we shall recite them in the light most favorable to the defendant. This is in accord with the settled rule of appellate procedure that "[w]hen reviewing a trial court's refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002). See Commonwealth v. Leal, 265 Va. 142, 145, 574 S.E.2d 285, 287 (2003).

On March 6, 2000, a Monday, a teacher in a public elementary school in Prince William County discovered a zippered

yellow canvas bag on her classroom floor about 1:30 p.m. The bag contained a loaded .38 caliber revolver, as well as other items, belonging to the defendant.

The bag had been left there by the defendant, employed by the school system as an art teacher. She had come to the room earlier that day to teach the students, most of whom were in wheelchairs due to physical handicaps.

According to the defendant, she had removed numerous items from the bag on the previous Saturday, placed the gun in the bag, and took "it down to the store with me." Upon returning to her home from shopping, she placed the bag in a closet without removing the gun.

On Monday, the day of the incident, defendant took the yellow bag, along with a portfolio case and a book bag, to the school. She usually carried in the bag small tools, which she used in her instruction to fourth-grade students. As she entered the classroom, she carried the yellow bag containing the revolver and a number of teaching aids. Later, as defendant left the classroom, she took the teaching aids but left the yellow bag.

When confronted with the presence of the gun in the bag on school property, defendant said, "I don't usually carry the bag. I forgot it was in there. I had been using it over the weekend." Defendant maintained there was nothing about the bag

3

that led her to believe the firearm was inside.  However, she did not dispute that she was in possession of the bag and thus the revolver.

At trial, the instruction in issue would have required the Commonwealth to prove that defendant "knew she possessed the firearm."  The defendant contends the trial court erred in refusing the instruction because, she argues, mens rea is an element of this statutory offense.

In support of her argument, the defendant refers to Code § 1-10, which provides that the common law of England, "insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly."  See Weishaupt v. Commonwealth, 227 Va. 389, 399-400, 315 S.E.2d 847, 852 (1984).

The defendant relies upon the proposition, set forth in Wicks v. Charlottesville, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974), that a statute must be "read along with the provisions of the common law, and the latter will be read into the statute unless it clearly appears from express language or by necessary implication that the purpose of the statute was to change the common law."  This is because the General Assembly "is presumed to have known and to have had the common law in mind in the enactment of a statute."  Id.

Continuing, the defendant relies upon the following statement in Parrish v. Commonwealth, 81 Va. 1, 14 (1884), that "whenever a statute makes any offence [a] felony, it incidentally gives it all the properties of a felony at common law." The defendant points out that the requirement of some mens rea for a crime was deeply embedded in the common law, and that the existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence, citing Staples v. United States, 511 U.S. 600, 605 (1994).

Thus, defendant contends, because the offense charged here is a felony, mens rea must be read into the statute as an element of the offense, even though the statute does not include an express mens rea element. We do not agree with defendant.

At the outset, it should be recognized that Code § 18.2-308.1 is purely a statutory offense, there being no equivalent common law crime. And, as the Attorney General points out, the defendant does not argue that the General Assembly could not have dispensed with a mens rea element in enacting § 18.2-308.1(B); she merely argues that it did not do so.

Additionally, the law is clear that the legislature may create strict liability offenses as it sees fit, and there is no constitutional requirement that an offense contain a mens rea or scienter element. Maye v. Commonwealth, 213 Va. 48, 49, 189

5

S.E.2d 350, 351 (1972).  Thus, courts construe statutes and regulations that make no mention of intent as dispensing with it and hold that the guilty act alone makes out the crime. Morissette v. United States, 342 U.S. 246, 256, 258 (1952); Makarov v. Commonwealth, 217 Va. 381, 385-86, 228 S.E.2d 573, 575-76 (1976) (statute on its face did not support contention that a mens rea or scienter requirement should be read into the enactment).

In the final analysis, the issue whether mens rea or scienter is a necessary element in the indictment and proof of a particular crime becomes a question of legislative intent to be construed by the court.  United States v. Balint, 258 U.S. 250, 251-52 (1922).

A statute must be construed with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it.  Stanley v. Tomlin, 143 Va. 187, 195, 129 S.E. 379, 382 (1925).

Clearly, the intent underlying Code § 18.2-308.1(B) is to assure that a safe environment exists on or about school grounds.  Manifestly, the General Assembly recognized that the presence of a loaded revolver on school property creates great dangers for students, teachers, and other school personnel,

6

either from the accidental or intentional discharge of the weapon. The fact that a person, under the circumstances of this case, innocently brings a loaded revolver onto school property does not diminish that danger.

Thus, to insert a mens rea element into the offense, and to require proof thereof, would defeat the statutory purpose, which is to criminalize the introduction of firearms into a school environment. So we will not add, by implication, language to the statute that the legislature expressly has chosen not to include.

Consequently, we hold that the trial court correctly decided, in refusing the instruction in question, that this statute is one of strict criminal liability, and that the Commonwealth was required to prove only that the defendant had possessed, on school property, a firearm of the type described in the statute.[*]

Accordingly, the judgment of the Court of Appeals will be affirmed because it reached the correct result, albeit for the wrong reason. See Mitchem v. Counts, 259 Va. 179, 191, 523 S.E.2d 246, 253 (2000).

---

[*]As an aside, we mention that defendant had been granted a concealed handgun permit. However, Code § 18.2-308(O) provides that such a permit "shall not thereby authorize the possession of any handgun . . . on property or in places where such possession is otherwise prohibited by law."

<u>Affirmed</u>.