## CIRCUIT COURT OF THE CITY OF ROANOKE

Ernest J. Walker et al.

v.

Virginia Housing Development
Authority et al.

November 5, 2003

Case No. CH03-253

BY JUDGE CHARLES N. DORSEY

This matter is before the Court upon demurrer filed by the defendants. The question, therefore, becomes whether Plaintiffs have alleged sufficient facts to support their suit to set aside the foreclosure of their property. They claim the foreclosure was insufficient on two grounds: (1) the named trustee in the deed of trust did not personally appear at the foreclosure sale in accordance with the common law rule, and (2) the sale price at foreclosure was inadequate.

*Facts*

The Plaintiffs own certain real property in the City of Roanoke. They had previously attempted to sell the property but were unsuccessful in doing so. Virginia Housing Development Authority ("VHDA") held a deed of trust against the property as did the defendant United Mortgage and Loan Investment Corp. ("United"). A foreclosure sale of the property was held on behalf of VHDA. The substitute trustee named in the deed of trust was Winfrey T. Wade, P.L.C. ("Wade"). Wade did not appear at the actual sale. Instead, an attorney, employed within Wade's office, and acting as Wade's agent, conducted the sale. The property was sold for approximately $43,000 or $47,000 (there is some discrepancy in the pleadings) when it had a tax

assessed valuation of either $76,000 or $82,000 (again there is discrepancy in the pleadings). Additionally, the Plaintiffs had contracted to potentially sell the same property for $125,000 in the latter part of 2002.

## Issues

(1) Does Virginia Code § 13.1-1108 abrogate the common law duty of the trustee to attend the foreclosure sale, as expressed in *Turk v. Clark*, 193 Va. 744, 71 S.E.2d 172 (1952)?

(2) Have the Plaintiffs sufficiently pleaded their claim that an inadequate price was obtained for the property in order to withstand demurrer?

## Analysis

(1) *Personal Attendance of Trustee at Foreclosure Sale*

In *Turk v. Clark*, the Supreme Court stated that a trustee "is charged with a personal confidence, and must, therefore, act in person, and not by agent." *Id.* at 749, 71 S.E.2d at 176. More specifically, a trustee, as the agent of both debtor and creditor, must be "personally present to direct and supervise the [foreclosure sale]. That power and duty he may not delegate to another." *Id.* (citations omitted).

This obligation, of course, is subject to the exception that the creditor and debtor may contract to alter the responsibilities of the trustee. As the parties are free to contract for the substitution of a trustee, they may also contract to permit the trustee to conduct the foreclosure sale without being personally present. *In re Smith*, 99 B.R. 724, 730 (Bankr. W.D. Va. 1989). The Plaintiffs have alleged no facts regarding a contractual exception to the trustee's common law duties, nor have the Defendants.

The Defendants, however, argue that the language of Virginia Code § 13.1-1108 relieves certain types of trustees from this obligation:

A professional limited liability company engaged in the practice of law, as a part of the practice of law, may act as an executor, trustee ... or in any other fiduciary capacity. Any member, manager, employee, or *agent* of a professional limited liability company engaged in the practice of law who is duly licensed as an attorney in the Commonwealth *may perform necessary fiduciary responsibilities on behalf of the professional limited liability company.*

Virginia Code § 13.1-1108 (2003) (emphasis added).

Section 13.1-1108 was approved on March 13, 1992, forty years after the Supreme Court decided the *Turk* case. Acts of the General Assembly 1992, c. 574, § 13.1-1078. By enacting this statute, the General Assembly explicitly recognized that acting in the role of a trustee is part of the practice of law. Section 13.1-1108 also explicitly sanctioned the use of agents by professional limited liability company trustees in direct conflict with the existing common law precedent. When a statute is couched in clear and unambiguous language, as here, the Court may look only to the words of the statute to determine its meaning. *See Hubbard v. Henrico Ltd. P'ship*, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998). This statute can be read no other way than expressing the General Assembly's intent to permit attorneys organized as professional limited liability companies to use other attorneys as agents to fulfill the necessary fiduciary duties of the professional limited liability company. Consequently, neither this Court nor any other may construe the statute's language to effect any other purpose than the one clearly expressed. *See Jan Paul Fruiterman, M.D., & Assocs. v. Waziri*, 259 Va. 540, 544, 525 S.E.2d 552, 554 (2000).

The legislature is presumed to act with full knowledge of the law and the effect of its actions upon the law. *See Commonwealth v. Bruhn*, 264 Va. 597, 570 S.E.2d 866 (2002); *see also Esteban v. Commonwealth*, 266 Va. 605, 587 S.E.2d 523, 2003 Va. LEXIS 106 (2003). Further, by logical extension, understanding that professional limited liability companies engaged in the practice of law only have the power to serve as trustees due to the express grant of the General Assembly, the General Assembly may obviously define that grant to include a limited power of delegation to agents. The statute, therefore, must be strictly construed to have only that specific and narrow effect. *See Mitchem v. Counts*, 259 Va. 179, 186, 523 S.E.2d 246, 250 (2000) ("Statutes in derogation of the common law must be strictly construed and not enlarged by construction beyond their expressed terms."). Thus, the language does not destroy the common law obligation of a trustee to be personally present at a sale, but merely modifies that requirement for trustees who are professional limited liability companies engaged in the practice of law.

Consequently, under existing statutory law, Wade fulfilled its obligation regarding its presence at the sale. Having met its statutory duty, the demurrer must be sustained. Inasmuch as this is a question of statutory interpretation there is no reason to grant leave to the Plaintiffs to amend pleadings. In the event counsel for the Plaintiffs should deem otherwise, please schedule a telephone conference call to take up that sole issue.

(2) *Inadequacy of Price*

The Plaintiffs allege two prongs to support their claim that the sale price was inadequate. First, they claim that the price obtained at foreclosure is markedly less than the tax assessed value of the property. Second, they claim that the price obtained at foreclosure is markedly less than a recent contract for sale of the property. The inference to be derived from these allegations is that the sale price was inadequate because the sale price was lower than the fair market value of the property. The relationship between the fair market value of the property and the price it obtained at foreclosure, however, is not the test for setting aside a foreclosure sale in Virginia.

"Unless the price at which the property was sold was so grossly inadequate as to shock the conscience of the chancellor and raise a presumption of fraud, the sale must stand." *Cromer v. De Jarnette*, 188 Va. 680, 687, 51 S.E.2d 201, 204 (1949) (addressing a foreclosure sale price that was approximately 17% of the fair market value but was not set aside); *see also Musgrove v. Glasgow*, 212 Va. 852, 188 S.E.2d 94 (1972) (upholding a foreclosure sale that obtained 33% of the fair market value as not being an inadequate price).

In the present case, even using a presumed fair market value of $125,000, the property sold for at least $43,000 which constitutes approximately 34% of the fair market value. As is set out in the case law, inadequate price is defined not by value, but by the absence of appropriate procedure at the sale or deficiency in the trustee's performance of its duties. The only alleged deficiency in the trustee's performance of its duties was the trustee's alleged obligation to be personally present at the foreclosure sale. The Court has already ruled against this claim above.

The sale being regular and lawful and the trustee having fulfilled its duties, the price obtained at foreclosure is *prima facie* adequate. Since the Plaintiffs failed to allege that there was anything fraudulent about the sale or that there was any other breach of duty by the trustee, they cannot withstand demurrer. The demurrer will be sustained in this regard; however, the Plaintiffs are granted leave to re-plead, if they be so advised.